## ALBANY INS. CO. *v.* McALLISTER.

*(Supreme Court, General Term, Third Department.* September 25, 1890.)

ARREST IN CIVIL ACTION—MONEY RECEIVED IN A FIDUCIARY CAPACITY.

Under Laws N. Y. 1873. c. 688, providing that an agent of an insurance company "shall be held responsible in a trust or fiduciary capacity for any moneys received by him for such company," an arrangement by which such an agent, after deducting commissions and expenses from premiums collected by him, is to account for, and pay monthly, the balance by draft to the company, does not change the relation to that of debtor and creditor; and, on his failure to pay over such monthly balance, he is liable to arrest in an action therefor, as for money received "in any fiduciary capacity," within Code Civil Proc. N. Y. § 550, subd. 3.

Appeal from special term, Albany county.

Action by the Albany Insurance Company against Charles McAllister for money collected by him, as agent of plaintiff. An order of arrest against defendant was granted, but, on his motion, was vacated. From the order vacating the order of arrest, plaintiff appeals.

Argued before LANDON and MAYHAM, JJ.

*C. F. Spoor* and *William McElroy*, for appellant. *C. D. Hudson*, for respondent.

LANDON, J. The defendant, as agent of the plaintiff, an insurance company, collected in the usual course of business moneys for premiums upon policies issued by him, and which, after deducting commissions and certain specified expenses, it was his duty to account for and pay monthly by draft to the plaintiff. He rendered his account monthly, showing the balance which he ought to pay, but he did not pay it. He was not required to pay the specific moneys received by him. It was obviously contemplated that he might pay the monthly balance from any funds which he could command. Chapter 688, Laws 1873, the first section of which is unrepealed and in force, declares that such an agent "shall be held responsible in a trust or fiduciary capacity for any moneys received by him for such company." Whatever might have been the capacity in which the defendant received the moneys for the plaintiff, independently of the statute, we think the statute characterizes the transaction. It was doubtless one purpose of the statute to permit such a convenient and periodical accounting and payment as were here agreed upon, without changing the fiduciary character of the relation between agent and principal into that of debtor and creditor with respect to the funds re-

ceived by the agent. The statute existing, we must give it full force, and assume, in the absence of any evidence indicating a contrary intention, that the parties made their contract in view of the statute, the principal relying upon its protection, and the agent accepting its burden. It follows that the defendant received the moneys in a fiduciary capacity, and by refusing to pay them violated his trust, and hence the order of arrest was properly granted. Order reversed, with $10 costs and printing disbursements; and motion to vacate denied, with $10 costs.