ALFRED A. EDWARDS, as Trustee in Bankruptcy of FORT COVINGTON CREAMERY COMPANY, INC., Respondent, *v.* WILLIAM N. MACARTNEY and Others, Appellants.

Third Department, September 8, 1920.

Pleadings — answer — denial upon information and belief insufficient to raise issue — action by trustee in bankruptcy to recover funds wrongfully charged against corporation — judgment for plaintiff affirmed.

An answer whereby the defendants " deny that they have any information sufficient to form a belief as to the truth of any of the allegations " contained in a specified paragraph of the complaint, raises no issue, for it is not such a denial as the Code of Civil Procedure requires. Hence, each material allegation of the complaint not controverted by such answer must be taken to be true.

As such answer was insufficient to controvert the allegations of the complaint which in effect charged the defendants, who were private bankers, with wrongfully charging to a corporation, of which the plaintiff was trustee in bankruptcy, the amount of a certain promissory note negotiated by it out of moneys which were in fact a trust fund belonging to the patrons of the corporation, a judgment for the plaintiff should be affirmed.

H. T. KELLOGG, J., dissents.

APPEAL by the defendants, William N. MacArtney and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 13th day of December, 1919, upon the decision of the court rendered after a trial before the court without a jury at the Franklin Trial Term.

*Allen & McClary* [*William L. Allen* of counsel], for the appellants.

*George J. Moore,* for the respondent.

WOODWARD, J.:

Whether the plaintiff has legal capacity to sue in behalf of the beneficiaries of the alleged trust; whether the plaintiff is the real party in interest, and various other questions which might be suggested, are not before the court on this appeal, as the record discloses no such issues of law or of fact. The complaint proceeds upon the theory that the plaintiff, as trustee in bankruptcy of the Fort Covington Creamery Company, Inc., is entitled to recover the sum of $3,000, with interest, which sum the defendants charged to the account of the creamery company, in payment of a certain promissory note made and negotiated by the said company, it being the contention of the plaintiff that the said $3,000 was a trust fund belonging to the patrons of the creamery company, to the knowledge of the defendants. The complaint, after alleging the bankruptcy and the appointment of the plaintiff as trustee, as well as the incorporation of the creamery company and the copartnership of the defendants as private bankers under the firm name of the Fort Covington Banking Company, alleges in the 7th paragraph, upon information and belief: " That on or about the 22d day of July, 1916, an agreement was made between said Fort Covington Creamery Company, Inc., and the patrons of said creamery who were bringing their milk thereto, by which it was agreed that said company would manufacture butter " at certain agreed prices, " which agreement continued during all the time said creamery company operated as such, and that said creamery company had no interest in or right to any of the moneys due said patrons; that one William J. Smith was about said time appointed by the patrons of said creamery company to act as salesman for them and to make sales of their products and turn over to said patrons the respective amounts to which they were entitled, and that the said Smith continued to act as salesman for said patrons during all of the time the said creamery company operated." The answer of the defendants to this is that they " deny that they have any

information sufficient to form a belief as to the truth of any of the allegations contained in paragraph numbered VII of said complaint." This, of course, raises no issue. It is not such a denial as the Code provides. (*Steinback* v. *Diepenbrock*, 52 App. Div. 437, 438; *Meuer* v. *Phenix National Bank*, 87 id. 281, 283.) And " each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true." (Code Civ. Proc. § 522.)

The 8th paragraph of the complaint continues and alleges that the creamery company during its entire existence kept a depositor's account with the Fort Covington Banking Company, and that " the said Smith kept an account of his receipts as salesman also with said banking company, between the time of his appointment as such salesman and down to about January 6, 1917, at which time and at the suggestion of the defendants, through their cashier, the moneys due to the patrons of said creamery company were transferred into the account of the said Fort Covington Creamery Company and thereafter all receipts by the said Smith from the proceeds of butter and cheese sold and which were payable to him as salesman were deposited in the said account of said Fort Covington Creamery Company, Inc., in the defendants' said bank, and withdrawals therefrom were made to pay said patrons for their butter and cheese and to pay said creamery company for its agreed rate of compensation for manufacturing the same." This allegation is met by an alleged denial of " any information sufficient to form a belief," and is, of course, insufficient to raise an issue.

The 9th paragraph of the complaint is admitted, with the exception of the allegation that " said charging of said notes to the account of said Fort Covington Creamery Company, Inc., in said bank of the defendants was done without the consent or knowledge of said creamery company and against the protests of· its officers, and that at the time of such charging of said notes the said Fort Covington Creamery Company was insolvent and did not have to its credit with the defendants' bank any funds with which to pay said notes and that the same were paid from trust funds of the patrons of said creamery company which were deposited by their salesman in the account

of said Fort Covington Creamery Company in said bank, of all of which facts the defendants and their officers, agents and employees had full knowledge, and such charging was illegal and wrongful on the part of said defendants, their officers, agents and employees." This is denied. It is, however, for the most part mere conclusions of law, and the denial is in conflict with some of the material allegations of the previous paragraphs, which, as we have seen, are not denied and must, for the purposes of this action, be accepted as true.

The appellants urge that the eighteenth finding of fact is the one which is material upon this appeal, and this finds that the " defendants knew the business methods of the creamery company." It is difficult to read the 7th and 8th paragraphs of the complaint, which are not denied, and arrive at any other conclusion, merely as a matter of pleading. The same finding of fact continues that " the relation with which it stood with its patrons, that the proceeds of the sales of butter were the property of the patrons, subject only to the claims of the creamery company for making and selling the butter, and that these proceeds were deposited in the bank account of the creamery company for distribution," and that " the only funds of the creamery company account on August 31, 1917, were the proceeds of sales of butter," etc. There is some evidence in the case to support these findings in addition to the undenied allegations of the complaint. It seems to us that the bank had no right, under the circumstances admitted by the pleadings, to charge up the note to the apparent balance of the creamery company, and we have nothing to do with the questions involved in the distribution of the fund, or the agency through which this is accomplished.

The judgment appealed from should be affirmed, with costs.

All concur, except H. T. KELLOGG, J., dissenting on the ground that this plaintiff, as trustee in bankruptcy, cannot maintain the action to recover moneys belonging to the Fort Covington Creamery Company, Inc., as trustee for the patrons.

Judgment affirmed, with costs.