George S. Van Schaick, Superintendent of Insurance of the State of New York, as Liquidator of the Lexington Surety and Indemnity Company, Plaintiff, *v.* Peninsula National Bank, Defendant.*

Supreme Court, New York County, March 12, 1935.

*Alfred C. Bennett* [*Abraham J. Halpren* of counsel], for the plaintiff.

*Barondess & Mushin* [*Benjamin Barondess* of counsel], for the defendant.

*Affd., 246 App. Div. 702.

HOFSTADTER, J.   The Lexington Surety and Indemnity Company, engaged in writing court bonds, required the deposit of collateral coincidentally with the writing of a bond in order to indemnify the company in the event of forfeiture and loss.   The property so deposited was accepted and held solely for security and the indemnity agreement and collateral receipt which governed its receipt and deposit contemplated the return of the collateral on termination of the liability as surety.   The cash collateral received was at all times kept segregated and deposited under appropriate designation in various banks, including the defendant Peninsula National Bank, until losses were sustained, at which time a sufficient amount was withdrawn and deposited in the general account of the company in order that the full loss might be paid therefrom in the first instance.

The defendant asserting a banker's lien appropriated sufficient moneys on deposit with it in an account labelled " Lexington Surety & Indemnity Co. Collateral Account " to offset an obligation owing from its depositor.   While the surety company also maintained a general account with the defendant, the balance therein was negligible and could not be resorted to for that purpose.   The Superintendent of Insurance of the State of New York suing on behalf of the Lexington Surety and Indemnity Company (now in liquidation) seeks to recover the funds thus appropriated by the defendant on the ground that the moneys in the collateral account did not belong beneficially to the surety company but were burdened with a trust in favor of indemnitors and that the defendant had notice of this fact.

The defendant contends that the deposit of cash collateral by indemnitors created a debtor and creditor relationship between such indemnitors and the surety and the collateral funds became thus the general property of the surety company; that the collateral account maintained with it has no trust character; that in any event it had no knowledge or notice of any such special nature of the account; and that it was justified, therefore, in resorting to it.

The contentions of the defendant are not well founded.

The nature of the relationship between the surety company and its indemnitors and the character of the collateral funds necessarily must be determined in the light of the intent of the parties and the circumstances attendant upon the deposit; and I am clear that under the indemnity agreement and collateral receipt the surety company obtained only a qualified interest over collateral deposited until such time as a forfeiture and loss was established.   The fair intendment of the agreements here under consideration is that the beneficial interest in the collateral does not vest in the company

until a loss has occurred and until such time the surety holds the funds or property deposited in a fiduciary capacity. The case of *Levinson* v. *Shapiro* (238 App. Div. 158) does not militate against this conclusion, the court there holding that in the *absence* of pertinent language in the agreement to the effect that security is to be held in trust or in some other fiduciary relationship, the relationship existing is deemed to be that of debtor and creditor. Each case is *sui generis* and must be decided on its own particular facts.

The irregular diversion of collateral funds for general purposes of the company did not change the character of this relationship, and moreover, in *Matter of Lexington Surety & Indemnity Co.* (241 App. Div. 213) the court recognized the validity of assignments of general funds for the purpose of restoring moneys so diverted on the basic assumption that collateral moneys were trust funds. While it is true that the contentions now made were not pressed upon the court, the trust character of the collateral deposits was implicit both in the decision at Special Term and in the appellate court.

The title of the account indicated the character of the funds and in any event the designation " collateral account " coupled with the knowledge of the nature of the business conducted by its depositor conveyed notice to the defendant and gave rise to a duty to inquire. The testimony of the witnesses for the defendant in this regard is not persuasive; and their asserted ignorance of facts of common knowledge is not impressive, and does not excuse their failure to seek further light. Nor is the precise relationship existing between the bank and its depositor of importance, for assuming that a deposit by a trustee as such creates between him and the bank a debtor and creditor relationship (See *Matter of Holden*, 264 N. Y. 215), the bank obviously cannot appropriate the balance in such account to satisfy a personal obligation of the trustee if it knows or should know that the funds therein are not the property of its depositor.

It has been established that only collateral funds were deposited in the collateral account maintained with the defendant bank. The surety company had several such accounts in various banks and balances or parts of balances were transferred from one bank to another. The fact that the account with the defendant bank was opened by the transfer of balances from other collateral accounts and that the account was replenished from general funds from time to time, following improper diversions of collateral moneys for general purposes, did not change the character of the funds on deposit; and the plaintiff is not required to trace each specific dollar

as coming from an indemnitor entitled to the return of that sum. He entitles himself to recover when he sufficiently establishes that the amount of money properly claimed by collateral creditors is in excess of the total on hand in the collateral accounts.

When the Superintendent of Insurance commenced the liquidation of the affairs of the Lexington Surety and Indemnity Company the collateral accounts were short the sum of $11,699.25 due to improper diversions. Thus the company was indebted to indemnitors as to whose bonds no loss was sustained in a sum much greater than the total of collateral moneys in the various accounts. In reason, for all practical purposes, and equitably for all legal considerations, all depositors of collateral property may be treated collectively as a unit, and the total aggregate of collateral funds may properly be regarded as a single fund. We must disregard the casual circumstance that some of the moneys were put in one account in one bank and some elsewhere, and that there were transfers and some irregular withdrawals from time to time. The irregular use of these funds did not transmute their character from one category to another, nor would the fact that there were replacements dilute their essential nature. To hold otherwise would lead to absurdity and injustice. It appears, however, that the collateral account contained in addition to collateral moneys an item of $202.08 representing interest on the deposit. This sum is an accretion properly belonging to the surety company and may not be recovered in this action.

Accordingly, a verdict is directed for the plaintiff in the amount of $15,995.52. Thirty days' stay and sixty days to make a case.