AMERICAN LUMBERMAN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, a corporation, complainant,

*v.*

BRADLEY CONSTRUCTION Co., a corporation, defendant.

———

NEWTON H. PORTER, JR., receiver, appellant,

*v.*

ORANGE VALLEY BANK, appellee.

[Submitted October term, 1940. Decided April 3d, 1941.]

*Mr. DeVoe Tomlinson* (*Mr. Joseph Coult, Jr.,* of counsel), for the appellant.

*Mr. Edward R. McGlynn,* for the appellee.

PER CURIAM.

This is an appeal from an order advised by Vice-Chancellor Berry. The matter arose on petition and order to show cause why the prayer of the petitioner should not be granted. The petitioner is the receiver of the Bradley Construction Company. The insolvent corporation, a general building contractor, had built a public school for the township of Springfield, New Jersey. Payments on account of said contract were made to the contractor, Bradley Construction Company, from time to time and these funds were deposited with the Orange Valley Bank, together with other funds received by the contractor for the performance of other private contract work. The construction company was indebted to the bank on its promissory note in the approximate sum of $9,700, and on or about September 26th, 1939, the bank debited the account of the company in the sum of $1,900 in reduction of its note obligation. The receiver says that because of our statute— *R. S. 2:60-212*—the moneys received by the contractor from the township of Springfield on account of the public school contract were trust funds for the benefit of laborers, subcontractors and materialmen who were not paid for work done or materials furnished in the performance of public work and that the fund, although deposited with the bank and mingled with other funds belonging to the contractor, was still charged with this trust and should not have been diverted by the bank for any purpose until the said claims were paid in full. In a word, that the bank was a constructive trustee.

The Vice-Chancellor, in construing the statute, held that these public moneys in the hands of the contractor were trust funds but when deposited with third parties who had no notice thereof these moneys were free of the trust once they

were deposited with other moneys in the general bank account of the contractor. We think that the determination of the learned Vice-Chancellor, in construing the statute, was entirely correct. The important statutory provision as far as this issue is concerned is that "all money paid * * * by any municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement * * * shall constitute a trust fund in the hands of such person as such contractor, until all claims for labor, materials and other charges incurred with the performance of such contract shall have been fully paid."

The plain meaning of the statute is that money in the hands of the contractor for public work done for the state or any of its subsidiaries is impressed with a trust for the benefit of unpaid laborers and materialmen, while such fund remains in his hands. We can find no reasonable basis, from the words of the statute, for the construction for which the petitioner contends.

The order under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, CASE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.

*For reversal*—PARKER, BODINE, JJ. 2.