THE CENTURY INDEMNITY COMPANY, Respondent, v. BANK OF GOWANDA, Appellant.— Memorandum: We are still of the opinion that the decision in the case of *Raymond Concrete Pile Co. v. Federation Bank* (288 N. Y. 452) is not controlling in the instant case. In that case the opinion states: "As a general rule * * * a banker who knows that a fund on deposit with him is a trust fund cannot appropriate that fund for his private benefit *. * *. But one who relies upon the application of those principles must always affirmatively establish that the bank had notice or knowledge not only that the moneys on deposit were for a trust purpose but also that they were diverted from that purpose." Again the opinion states: "It necessarily follows that no trust arises * * * from the mere fact that the contractor received and has in his hands moneys in payment on account of a public improvement." But, in the instant case, there were findings (findings 17, 18 and 19) supported by evidence, that defendant had notice and knowledge of the fact that the moneys were trust funds and diverted to the payment of the contractor's debt to the bank. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

ROOT NEAL & COMPANY, Respondent, v. EDWARD J. CREADON et al., Doing Business under the Name of P. W. GRAHAM CONTRACTING Co., et al., Appellants, and BUFFALO SEWER AUTHORITY et al., Respondents.— Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

WILLIAM R. HUSTED, as Administrator of the Estate of GLADYS E. HUSTED, Deceased, Respondent, v. ROBERT E. WOODRUFF et al., as Trustees of the ERIE RAILROAD COMPANY, Appellants.— Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

In the Matter of WILLIAM J. WOLFSON.— Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

## (November 11, 1942.)

MABEL FORKER, Suing on Behalf of Herself and Other Persons Similarly Situated, Appellant, v. ROYAL DEVELOPMENT COMPANY et al., Respondents.— All concur. (The order permits plaintiff Forker to withdraw as party plaintiff but without discontinuing her action; permits Dennison and others to intervene as parties plaintiff in the Forker action and continue same; and grants motion of defendant Royal Development Co. to consolidate the Forker action in Monroe County with the Carroll action in Onondaga County, with trial in Monroe County.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.