### WESTERN ASSUR. CO. v. GENESEE VALLEY TRUST CO.

No. 40, Docket 21053.

United States Court of Appeals Second Circuit.

Dec. 30, 1948.

---

[2] In 1948 Judicial Code, see 28 U.S.C.A. § 1292.

Paul Reed Taylor, of Penn Yan, N. Y., for plaintiff-appellant.

Whitbeck & Holloran, of Rochester, N. Y. (Walter J. Holloran, of Rochester, N. Y., on the brief), for defendant-appellee.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff's argument is as follows: (1) By virtue of § 125 of the New York Insurance Law, Consol.Laws, c. 28,[1] the premiums collected by the Agency were trust funds for its benefit. (2) Although the account was not labeled a trust or agency account, defendant should have known that the deposit was a trust fund, because defendant's officers undoubtedly knew that Hayes, Sharp & Haggerty Inc., was an insurance agency, and should have realized that an insurance agency's principal

---

[1] "Every insurance agent and every insurance broker acting as such in this state shall be responsible in a fiduciary capacity for all funds received or collected as insurance agent or insurance broker, and shall not, without the express consent of his or its principal, mingle any such funds with his or its own funds or with funds held by him or it in any other capacity. * * * "

resources derive from premiums. (3) If defendant did not know that this was the only important bank account maintained by the Agency, it should have so known, because it regularly loaned substantial sums to the Agency on the basis of the Agency's financial resources. (4) The argument for notice to defendant is strengthened by the fact that large checks payable to plaintiff were regularly drawn on the account, and the only purpose for which the Agency would have transmitted such sums to plaintiff was the payment of premiums. All this, plaintiff says, was at least sufficient notice to require defendant to investigate whether trust funds were being put into the account; and since such an investigation would have revealed the trust nature of the deposits, defendant had no right to divert the deposits from their trust uses.

A New York decision, Albany Insurance Co. v. McAllister, 57 Hun 594, 11 N.Y.S. 295, indicates that a trust existed here, because of § 125 of the Insurance Law, despite the provision of the agreement quoted in the footnote.[2]

█ Assuming that a trust existed, nevertheless the defendant bank had a right to appropriate the trust funds to the payment of the Agency's personal debt if the bank had no actual or constructive knowledge of the trust character of the deposit. The bank apparently had no actual knowledge of the trust; it evidently relied on the Agency's apparent ownership. But if the bank knew that premiums were being deposited in the account, then, charged with knowledge of § 125, it must be held to know that the account was in part a trust account and to have been put on notice that the deposit balance which it appropriated was a trust account.

Defendant should have known that premiums due plaintiff were paid out of the account. The Agency regularly drew checks on the account payable to plaintiff; these checks are explainable only as remittances covering premiums collected. Knowledge that premiums due plaintiff were being paid out of the account might have led to the conclusion that premium collections—trust funds—were being deposited in the account; but it might also have meant that premium collections were deposited in another account and the Agency was merely making remittances from this account. The statute did not prohibit the Agency from paying the amount due plaintiff out of this account and then using the premium collections for its own purposes. Albany Insurance Co. v. McAllister, 57 Hun 594, 11 N.Y.S. 295.

█ If the defendant bank had been alert, then, to check all the facts which its various employees knew, it would have had some indication that trust funds were in this account. Suspicious circumstances, however, are not enough. Defendant had no duty to be vigilant to protect plaintiff. Plaintiff must prove more than that defendant should have been aware of the possibility that the deposit was a trust fund. Bischoff v. Yorkville Bank, 218 N.Y. 106, 112, 112 N.E. 759, L.R.A.1916F, 1059; Grace v. Corn Exchange Bank, 287 N.Y. 94, 102, 38 N.E.2d 449, 145 A.L.R. 436; Clarke v. Public National Bank, 259 N.Y. 285, 290, 181 N.E. 574; Raymond Concrete Pile Co. v. Federation Bank & Trust Co., 288 N.Y. 452, 458, 43 N.E.2d 486. When the deposit was made in the Agency's personal account, "a presumption arose, upon which the defendant was entitled to rely, that the fund was not a trust fund and that there was no beneficiary entitled to any portion thereof and that presumption continued until annulled by knowledge or adequate notice to the contrary." Raymond Concrete Pile Co. v. Federation Bank & Trust Co., 288 N.Y. 452, 459, 43 N.E.2d 486, 490. As plaintiff has established only that a most careful synthesis of the information at the defendant's disposal would have created some doubts about the character of the deposits, the trial court's finding that defendant had no knowledge of the trust was not "clearly erroneous." We agree with the trial court that the bank's

---

[2] "Accounts of money due on the business placed by the Agent with the Company [the plaintiff] are to be rendered monthly so as to reach the Company's office not later than the tenth of the following month; the balance therein shown to be due to the Company shall be paid not later than sixty days after the end of the month for which the account is rendered."

knowledge that the Agency was an insurance agent was not sufficient notice of the trust.

As plaintiff failed to show the defendant's knowledge that the deposit was a trust fund, we need not consider the defendant's contention that plaintiff was estopped to claim the fund.

Affirmed.