In the Matter of JOHN R. PHILIP, INC., Judgment-Creditor-Respondent-Appellant, against ALBERT LANGELLA, Judgment Debtor. LAWRENCE H. KING, Third-Party Appellant-Respondent.

*Per Curiam.* The trust fund remedy prescribed by section 36-a of the Lien Law is not exclusive (Lien Law, § 76) and does not prevent a creditor from pursuing his ordinary remedies. Moreover, in this instance, the money was not effectively transferred beyond the control of the debtor. The judgment creditors' rights in the fund in the receiver's hands should, as a matter of discretion, be determined in such further proceedings herein as they may be advised to take. This will allow the other creditors who may have been misled into relying on the escrow agreement to make such claims as they can. They may well not have any effective way of asserting such claims, but on that we do not now pass.

Accordingly, the order should be modified to strike (1) the direction that the fund be held by the receiver subject to distribution in accordance with section 36-a of the Lien Law, and (2) the denial of the request that the fund be first applied to satisfy the judgments of the judgment creditors and, as so modified, affirmed, with $20 costs and disbursements of this appeal to appellant. Settle order.

BASTOW, J. (dissenting in part). The judgment creditor is a plumbing and heating contractor. In July, 1953, it entered into a subcontract with Langella, the judgment debtor, to perform work for the latter, who as a general contractor was erecting a dwelling for one Roth. A dispute arose between Roth and the debtor and the latter discontinued work. On January 21, 1954, the debtor, Roth and his then attorney, King — the third party in this proceeding — entered into an agreement by the terms of which King received $2,480.02 from the debtor to be used to pay the latter's creditors. A list of such creditors was attached to the agreement and the creditor's name appears thereon. It is plain from the record that during the intervening fourteen months King has made no effort to distribute the fund. He made a futile attempt to commence an interpleader action but nothing concrete has been accomplished.

In September, 1954, the creditor obtained a judgment against Langella. In October, 1954, another creditor obtained a judgment. Both demanded payment from the fund in the hands of King. Payment was refused. Thereupon, this proceeding was commenced for the appointment of a receiver to take over the fund in the possession of King and to direct the receiver to pay the judgments. Relief was granted to the extent of appointing a receiver. The lower court first directed payment to the two judgment creditors but upon reargument directed that the fund be held subject to distribution in accordance with section 36-a of the Lien Law.

Upon this appeal, there appears to be unanimity of opinion that section 36-a has no applicability because of the running of the short Statute of Limitations found in section 75 of the Lien Law. The majority agrees that these judgment creditors may pursue their ordinary remedies as they have here done and that the money was not effectively transferred beyond the control of the debtor. In the light of these conclusions, it is difficult to ascertain why the judgment creditors should be required to take further proceedings to have their rights in the fund determined. It is also difficult to understand just what further proceedings — as suggested by the majority — the judgment creditors should be compelled to take before the receiver. The fund will be in his hands as an officer of the court. The judgment creditors, for ought that appears in this record, are entitled to payment. The judgment creditors obtained a lien upon the property of the debtor by the service of the third-party subpoenas upon King in supplementary proceedings. They are, therefore, entitled to the priority of a vigilant creditor. (Cf. *Matter of Wickwire Spencer Steel Co.* v. *Kemit Scientific Corp.*, 292 N. Y. 139, 142.) There is no proof of any other judgment creditor and a trust cannot be enforced under article 3-A of the Lien Law by virtue of the Statute of Limitations.

The order should be modified (a) to strike the direction that the fund be held by the receiver subject to distribution in accordance with section 36-a of the Lien Law; and (b) to provide that the receiver should satisfy the two judgments from the fund held by him.

Cohn, Breitel and Rabin, JJ., concur in *Per Curiam* opinion; Bastow, J., dissents, in part, in opinion in which Peck, P. J., concurs.

Order modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.