■ UTICA SHEET METAL CORPORATION et al., Individually and on Behalf of Themselves and All Others Entitled to Share in the Funds Received by J. E. Schecter Corporation as Contractor, Appellants, v. J. E. SCHECTER CORPORATION et al., Respondents.— *Per Curiam.* Appeals by plaintiffs from (1) an order of the Supreme Court at Special Term which denied plaintiffs' motion for summary judgment against defendant Bankers Trust Company and granted said defendant's cross motion for summary judgment dismissing the complaint as to it, and (2) from the judgment entered on said order; in an action brought by plaintiffs as subcontractors of defendant Schecter, the general contractor, against said defendant Schecter and its bank of deposit, the said defendant Bankers, for judgment declaring the amounts due plaintiffs from defendant Schecter, declaring that moneys allegedly diverted to defendant Bankers and others were trust funds under article 3-A of the Lien Law, and awarding judgment to plaintiffs and others similarly situated for the amounts due them and directing payment thereof by defendants Bankers and others up to the amounts so diverted. The issues, as well as the proof adduced on the motion and cross motion, are well stated in the opinion written at Special Term. (47 Misc 2d 290.) Plaintiffs' motion was properly denied; but there also remain triable issues of fact in respect of defendant Bankers' asserted defenses, and its cross motion should also have been denied. Bankers states in its brief that for purposes of its cross motion "it was assumed that a portion of the funds applied by Bankers from the Schecter account on July 2, 1962, may have been traced as assets of the statutory trust". Indulging this assumption, we also give effect to the specific admissions in paragraph 4 of the answer. Although a depository in such case, having knowledge of the existence of the trust, is not liable for misappropriations generally, without knowledge, in addition, of the violation of the trust (*Bischoff* v. *Yorkville Bank,* 218 N. Y. 106), the issue is at least an open one when the depository transfers the fund to itself (see *Aquilino* v. *United States,* 10 N Y 2d 271, 279; *Century Ind. Co.* v. *Bank of Gowanda,* 265 App. Div. 907 [and 35 N. Y. S. 2d 396, affd. 263 App. Div. 1068]; *Van Schaick* v. *Peninsula Nat. Bank,* 157 Misc. 554, affd. 246 App. Div. 702; *Edwards* v. *McArtney,* 193 App. Div. 334; *Bray Bros.* v. *Marine Trust Co. of Buffalo,* 35 N. Y. S. 2d 356; Bogert, Trusts & Trustees [2d ed.], § 904; 3 Scott, Trusts, § 324.4; and cf. General Business Law, § 359-1); and further, and as respects summary judgment, the issue may not be foreclosed when the fact is exclusively within the knowledge of the cross movant. Order modified, on the law and the facts, so as to delete the provisions thereof granting defendant Bankers' cross motion and awarding judgment and

so as to provide that said cross motion be denied, and, as so modified, affirmed, and judgment reversed and vacated accordingly, with costs to appellants. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.