100 N.J. Super. 431 (1968)
242 A.2d 54
FRANK BRISCOE COMPANY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
SUBURBAN TRUST COMPANY, A BANKING CORPORATION, DEFENDANT-RESPONDENT, AND E. FRED SULZER AND ELEANOR SULZER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1968.
Decided April 24, 1968.
*432 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Sam Weiss argued the cause for appellant (Messrs. Levy, McCloskey & Schlesinger, attorneys).
Mr. Sanford Silverman argued the cause for respondent.
The opinion of the court was delivered PER CURIAM.
Plaintiff Frank Briscoe Company, Inc. (Briscoe) sued Suburban Trust Company (bank) and E. Fred Sulzer and Eleanor Sulzer, the principals of E. Fred Sulzer & So. (Sulzer), for damages, claiming that the bank had wrongfully and fraudulently set off an obligation of Sulzer against certain funds in that company's general deposit account, allegedly held in trust for Briscoe. The action was voluntarily dismissed as to E. Fred Sulzer, who died before trial, and Mrs. Sulzer, who was in a mental institution. The Law Division judge, sitting without a jury, found no evidence of fraud or collusion by the bank, or of any alleged trust relationship between Briscoe and Sulzer known to the bank and binding upon it. He thereupon entered judgment in favor of the bank. This appeal followed.
Plaintiff concedes that a bank may normally set off against a general deposit a debt due from the depositor, even after the filing of a bankruptcy petition. American Lumberman's Mut. Cas. Co. v. Bradley Constr. Co., 127 N.J. *433 Eq. 500, 504 (Ch. 1940), affirmed 129 N.J. Eq. 278 (E. &. A. 1941).
The record clearly supports the trial judge's determination that there was no fraud or collusion on the part of the bank.
Assuming that the $136,402.28 check which plaintiff gave Sulzer represented a trust fund in the latter's hands, plaintiff failed to prove that the bank was aware of any such arrangement. There is no evidence whatever that the bank knew or should have known that the check was not the sole property of Sulzer or that it was part of a trust fund. The trial judge's finding of fact that the bank was without notice of the trust arrangement, if indeed there was one, is fully supported by the uncontradicted testimony of its president. Accordingly, that finding will not be disturbed on appeal. See State v. Johnson, 42 N.J. 146, 161-2 (1964).
Plaintiff contends that the bank, as holder of collateral to secure the obligation of the Sulzer company, was required to seek satisfaction of its loan from the security rather than by exercising any right of set-off. While the authorities appear to be divided on this question, it is clear that parties to a security agreement may establish the right of set-off by contract. See 10 Am. Jur.2d, Banks, § 672, p. 645 (1963); Annotation, 96 A.L.R. 1240 (1935). The security agreement between Sulzer and the bank expressly provided that
"Upon any failure in business or making of an insolvent assignment by the undersigned then and in either event all liabilities of the undersigned to said company [bank] shall at the option of said company, come immediately due and payable notwithstanding any credit or time allowed to the undersigned by any instrument evidencing any of the said liabilities.
Upon default as aforesaid, said company may also apply toward the payment of said liabilities all balances of any deposit account of the undersigned with said company then existing."
Thus, by the very terms of this agreement, the bank had the right to assert a set-off.
The judgment is affirmed.