Frontier Excavating, Inc., in Behalf of Itself and All Other Persons Entitled to Share in the Funds Received or to be Received by Sovereign Construction Co., Ltd., Appellant, v. Sovereign Construction Company, Ltd., of New Jersey, et al., Respondents. (Action No. 1.)

Frontier Excavating, Inc., in Behalf of Itself and All Other Persons Entitled to Share in the Funds Received or to be Received by Sovereign Construction Co., Ltd., Appellant, v. Sovereign Construction Co., Ltd., et al., Respondents. (Action No. 2.)

Fourth Department, October 31, 1968.

*Lutwack, Feldman & Burke* (*David P. Feldman* of counsel), for appellant.

*M. Carl Levine, Morgulas & Foreman* (*Edwin Efros* of counsel), for Sovereign Construction Company, Ltd., and another, respondents.

Witmer, J. This is an appeal from an order and two judgments entered thereon in two representative actions tried together, in which the plaintiff seeks to compel the defendant,

under article 3-A of the Lien Law, to account to the plaintiff and all others similarly situated with respect to (Action No. 1) defendant's contract for the construction of a public housing improvement for the Seneca Nation Housing Authority (hereinafter referred to as "Seneca") and (Action No. 2) defendant's contract for the construction of a public housing improvement for the Lackawanna Municipal Housing Authority (hereinafter referred to as "Lackawanna"). Upon the trial and before the conclusion of plaintiff's evidence, the court granted defendant's motion to dismiss the complaint in each action, upon plaintiff's acknowledgment that it did not have evidence to prove, and did not then claim, that defendant had diverted any funds which it had received from either of these projects. The court held that proof, or at least claim, of diversion by the contractor-trustee was jurisdictional and a prerequisite to the maintenance of these actions. The plaintiff contends that claim of diversion is not necessary; and this appeal presents the narrow issue thus raised.

Defendant is the general contractor on each of such projects, and the plaintiff was a subcontractor employed to do excavation work thereon. By the terms of each contract the defendant contractor is not required to pay the plaintiff subcontractor "for any work performed unless and until the OWNER [Housing Authority] has actually paid the CONTRACTOR therefor". After doing substantial work on the projects, for some reason not apparent from the record plaintiff ceased work thereon. It claims that the defendant owes to it on the Seneca project the sum of $16,271.95 on the base contract and $57,393.72 for extras, and on the Lackawanna project the sum of $8,650 on the base contract and $22,761.89 for extras. The defendant denies that the plaintiff's figures are correct, and contends that anyway it has not received the funds from either owner (i.e., Seneca or Lackawanna), and that thus, under the contracts, nothing is presently owing from it to the plaintiff. It further contends that under subdivision 1 of section 74 of the Lien Law it may use payments it receives from the owners on these projects for such trust purposes as it sees fit and need not account to the plaintiff therefor.

In addition to holding that claim of diversion is jurisdictional, the court below held that the plaintiff has an adequate remedy at law. With respect to the latter, we think it clear that the existence of a different remedy, if one exists, is not fatal to plaintiff's actions herein (*Matter of John R. Philip, Inc.* v. *Langella,* 285 App. Div. 1038; Lien Law, § 76, subd. 6; and see

*Onondaga Commercial Dry Wall Corp.* v. *150 Clinton St.,* 28 A D 2d 71).

Defendant contends that plaintiff's remedy is under section 76 of the Lien Law, which provides that a beneficiary of a trust created under article 3-A of that law "shall be entitled, upon request, after the expiration of thirty days from the date his trust claim became payable" to examine the trustee's books with respect to the particular trust or, at his option, receive a verified statement therefrom. Since defendant maintains that by the terms of the contract nothing is owing by it to the plaintiff because the owners have not paid the defendant, this section affords the plaintiff little relief (see *Matter of Hansen Excavating Co.* v. *Comet Constr. Corp.,* 14 A D 2d 911). In view of this special contract provision, the defendant acknowledges that the plaintiff has the limited remedy in an action at law to examine the defendant before trial to determine whether the defendant has received payment from the owners and is guilty of diversion. Thus, the defendant challenges the plaintiff's contention as to the extent of a beneficiary's remedies under article 3-A of the Lien Law.

The purpose of the enactment of said article 3-A was to make more certain that laborers and materialmen on an improvement are paid from the project funds. "The trust concept was intended precisely to forbid that an owner, contractor or subcontractor act merely as entrepreneur and was intended to require that he act, instead, as fiduciary manager of the fixed amounts provided for the operation." (1959 Report of N. Y. Law Rev. Comm. on Trust Fund Provisions of Lien Law, p. 214.) The article makes it plain that the owner or the contractor is a trustee (Lien Law, §§ 70, 72) for the benefit of subcontractors, laborers and materialmen (Lien Law, § 71), who necessarily, therefore, become *cestuis que trustent* or beneficiaries of such trusts. The plaintiff should, thus, have the normal rights of a trust beneficiary except insofar as specific provisions of article 3-A declare or at least indicate to the contrary.

The article does limit to some degree the rights of its trust beneficiaries as compared to the usual rights of other trust beneficiaries. Whereas the latter may require an accounting of the trustee on any reasonable demand (2 Scott, Trusts [3d ed.], § 172), a beneficiary under this article may only require the trustee to permit examination of its books or records after 30 days have expired from the date the trust claim became due (Lien Law, § 76, subd. 1). It is stated in the commission report that this provision is mandated by practical considerations

(Report of N. Y. Law Rev. Comm., *supra*, pp. 222–223). The defendant rests very heavily on this point.

In addition, although a trustee is normally required to act impartially in its dealings with the beneficiaries (2 Scott, Trusts, *supra*, § 183), a trustee under the Lien Law (§ 74, subd. 1) " is authorized to determine the order and manner of payment of any trust claims and to apply any trust asset to any purpose of the trust ". Except, however, for such special rights granted to the trustee and such limitation on the rights of beneficiaries, both made for practical reasons, there seems to be no indication that the Legislature did not intend by article 3-A to give full trust protection to the beneficiaries thereof such as is enjoyed by other trust beneficiaries.

A trustee has a duty of loyalty to the beneficiaries (2 Scott, Trusts, *supra*, § 170), a duty to keep and render accounts for the beneficiaries, (*ibid.*, § 172) and keep trust funds separate from his own (*ibid.*, §§ 179, 179.1); a duty to furnish beneficiaries information and to permit them to examine the trust accounts (*ibid.*, § 173); and a duty to take proof of the trust assets (*ibid.*, § 175) and to enforce claims in behalf of the trust (*ibid.*, § 177). Subdivisions 2 and 3 of section 75 of the Lien Law expressly require the trustee to keep books of account, and a *failure to keep them creates a presumption of diversion* to nontrust purposes (subd. 4). These duties exist regardless of whether the trustee is in default or is guilty of a diversion. Moreover, the limitation on the right of a beneficiary to demand an examination of the corporate books, i.e., only when his trust claim is 30 days overdue (Lien Law, § 76, subd. 1), is expressly removed with respect to the court's power to order examination of the books in any action under section 77 of the Lien Law or other action involving administration of the trust (Lien Law, § 76, subd. 6). Subdivision 6 of section 76 reads as follows: " This section does' not limit the power of the court in an action pursuant to section seventy-seven of this chapter or in any other action or proceeding affecting trust assets or involving trust claims or the administration of the trust, to give directions with respect to production or examination of any books or records of the trustee." This, it seems to us, is a strong argument in support of plaintiff's position.

It is also to be noted that the special authority granted to the trustee to dispose of trust assets for trust purposes as he sees fit under subdivision 1 of section 74 of the Lien Law, is expressly circumscribed by section 77 (subd. 3, par. [a], sub-

par. [iv]) which gives the court the right to end or limit the trustee's discretion in the application of trust assets. It is thus apparent that the Legislature meant to subject the trustee to the surveillance and control of the court.

Although no reported precedent in New York has come to our attention, holding that proof of diversion of trust assets is not a condition precedent to an action for an accounting and other relief under article 3-A of the Lien Law, there are dicta which suggest that such is the proper view (*Aquilino* v. *United States,* 10 N Y 2d 271, 280; *Onondaga Dry Wall Corp.* v. *Sylvan Glen Co.,* 26 A D 2d 130, 133; and *Ciavarella* v. *People,* 16 A D 2d 291, 293); and we so hold.

Assuming, then, that the court has jurisdiction to entertain these actions absent claim of diversion, the question arises as to what relief may be granted. Of course, these are representative or class actions (Lien Law, § 77, subd. 1). Incidental to their prosecution, the court will undoubtedly find it proper to determine the amount, if any, of valid claims which the plaintiff has upon the base contracts, and what payments the owners have made to the defendant on such base contracts; whether or not the same have all been applied to the trust purposes, and whether any funds so received remain to be applied on the claims of beneficiaries including the plaintiff, and whether the defendant has diverted any such funds.

It may be, as defendant contends, that the court will find that the plaintiff has no claim for extras except insofar as the owner allows them and pays defendant therefor. Of course, the court should ascertain whether the owners have allowed and paid any such claims. In this connection, it should be observed that contingent claims of plaintiff for extras constitute potential assets of the trust which plaintiff is entitled to enforce (Lien Law, § 70, subd. 1; 1959 Report of N. Y. Law Rev. Comm., *supra,* pp. 218, 220); and the court may well inquire concerning the diligence of the trustee in presenting such claims or other claims and reducing the appropriate proceeds to possession in the trust fund, and may determine consequent distribution thereof to the plaintiff and others as their rights may appear (2 Scott, Trusts, *supra,* §§ 175, 177).

Without doubt the court will give the defendant protection against undue harrassment and at the same time will assure the plaintiff that the defendant is performing its trust duties, all within the provisions of paragraph (a) of subdivision 3 of section 77 of the Lien Law.

492

The order and judgments appealed from should, therefore, be reversed and a new trial granted to the plaintiff, with costs.

GOLDMAN, J. P., DEL VECCHIO, MARSH and HENRY, JJ., concur.

Judgments and order unanimously reversed on the law and facts with costs and a new trial granted.