■ In the Matter of ALB CONTRACTING CO., INC., Respondent, v YORK-JERSEY MORTGAGE COMPANY, Appellant, and LOCKPORT CONSTRUCTION CO., INC., Respondent.—Order unanimously reversed, with costs, respondent's motion granted and petitioner's cross motion denied. Memorandum: Respondent, York-Jersey Mortgage Co., appeals from an order at Special Term, Erie County, denying its motion to vacate petitioner's request for a verified statement pursuant to section 76 of the Lien Law and granting petitioner's cross motion for an order directing York-Jersey to comply with such request. In granting such order, the court was persuaded by petitioner's argument that respondent, the mortgagee on a building improvement loan, by withholding or reobtaining funds due the owner-contractor, Lockport Construction Co., had stepped into the shoes of the owner-contractor and thus had become a statutory trustee under article 3-A of the Lien Law. We find that such interpretation is not within the contemplation of the statute. Article 3-A of the Lien Law imposes a statutory trust on funds received by an owner, contractor or subcontractor in connection with a contract for the improvement of real property for the benefit of subcontractors, architects, engineers, surveyors, laborers and material men for work performed and expenditures made during the performance of the contract. Section 70 (subd 5, par [b]) clearly provides that assets received by an owner in the form of payments under building loan mortgage are to be included in the trust fund but there is no provision that the mortgagee becomes a trustee. The duties imposed on a statutory trustee under article 3-A are extensive and burdensome (see, e.g., *Ingalls Iron Works Co. v Fehlhaber Corp.*, 327 F Supp 272; *Frontier Excavating v Sovereign Constr. Co. of N. J.*, 30 AD2d 487) and subject the trustee to extensive potential liability. A lender is not a statutory trustee because "No one other than an owner, contractor, or subcontractor is designated as a prospective trustee in article 3-A [of the Lien Law]" *(Utica Sheet Metal Corp. v Schechter Corp.*, 47 Misc 2d 290, 292, mod 25 AD2d 928). In the absence of specific language imposing such burden on a mortgagee on an improvement contract, none should be inferred. To the contrary, " 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' (McKinney's Cons Laws of NY, Book 1, Statutes, § 240)." *(Patrolmen's Benevolent Assn. of City of N. Y. v City of New York*, 41 NY2d 205, 208-209; see, also, *People v Lewis*, 29 NY2d 923.) (Appeal from order of Erie Supreme Court—Lien Law, § 76.) Present—Cardamone, J. P., Simons, Dillon, Denman and Witmer, JJ.