OPINION OF THE COURT
Harold J. Hughes, J.
This is a motion by a garnishee, Duncan and Cahill, Inc. pursuant to CPLR 5240, for an order vacating a restraining notice and execution served upon it.
The judgment creditors obtained a judgment for $11,671.50 on June 27, 1978, against Robert Joe Williams, which remains unsatisfied. The garnishee is the general contractor for the construction of the Cohoes filtration plant and subcontracted the roofing work thereat to Williams for a total price of $16,031. Prior to the service of the restraining notice, the *533 garnishee paid Williams $9,816.82, leaving $6,214.18 due under the subcontract. Suppliers who furnished materials to Williams for work done at the filtration plant have filed claims with the garnishee totaling $6,241.50, with the result that if all materialmen were paid there would be a cost overrun of $27.32 on the project. On June 16, 1978, the judgment creditors served a restraining notice on the garnishee, and on October 12, 1978 the Sheriff served an execution. The garnishee brought on the present motion claiming the remaining $6,214.18 constitutes trust funds under article 3-A of the Lien Law which are exempt from execution by the judgment creditors.
Subdivision 1 of section 70 of the Lien Law provides "The funds described in this section * * * received by a contractor under or in connection with a contract for an improvement of real property or a contract for a public improvement in this state, or received by a subcontractor under or in connection with a subcontract made with the contractor for such improvment of real property or public improvement * * * shall constitute assets of a trust for the purposes provided in section seventy-one of this chapter.” Subdivision 2 of section 71 of the Lien Law provides, "The trust assets of which a contractor or subcontractor is trustee shall be held and applied for the following expenditures arising out of the improvement of real property or public improvement and incurred in the performance of his contract or subcontract, as the case may be: (a) payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen”. (Emphasis added.) The sum retained by the garnishee herein clearly constitutes an article 3-A of the Lien Law trust asset.
The court must determine the rights, if any, of a judgment creditor of a subcontractor judgment debtor to the assets of an article 3-A trust which trust assets would be completely depleted if all claims of unpaid materialmen were satisfied.
"Article 3-A of the Lien Law imposes a statutory trust on funds received by an owner, contractor or subcontractor in connection with a contract for the improvement of real property for the benefit of subcontractors, architects, engineers, surveyors, laborers and material men for work performed and expenditures made during the performance of the contract” (Matter of ALB Contr. Co. v York-Jersey Mtge. Co., 60 AD2d 989). "The [public] policy proclaimed by our statute is to protect those whose skill, labor and materials made possible *534 the performance of a construction contract”. (Aquilino v United States of Amer., 10 NY2d 271, 278.) "[A]s a matter of New York law, a contractor does not have a sufficient beneficial interest in the moneys, due or to become due * * * under the contract, to give him a property right in them, except insofar as there is a balance remaining after all * * * statutory beneficiaries have been paid” (supra, p 282).
The foregoing principles establish that a contractor or subcontractor due or receiving funds under a construction contract impressed with an article 3-A of the Lien Law trust has no interest in such funds subject to execution to satisfy a money judgment until all claims of statutory beneficiaries under section 71 of the Lien Law have been paid. Thus, it has ■ been held that, "In the absence of any statutory rearrangement of priorities in the event of contractor default, after he has earned a part payment, it can be safely held that the money earned, whether paid or owed, is trusted for the benefit of materialmen lienors to the exclusion of tax claims” (Hartford Acc. & Ind. Co. v Ritter, 69 Misc 2d 981, 984). If the rights of an unpaid materialman to the assets of an article 3-A trust are superior to a New York State tax lien, likewise they are superior to the rights of a judgment creditor. The court holds that where unpaid claims of materialmen exceed the assets of a statutory trust established by article 3-A of the Lien Law, there remains no property right or debt of a judgment debtor contractor upon which judgment creditors of the contractor can execute.
The motion of the garnishee to vacate the restraining notice and execution shall be granted, without costs.