■ DENNIS M. ENGLERT, as Trustee of KEELER ELECTRIC COMPANY, INC., Respondent, v GOLUB CORPORATION, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered June 8, 1978 in Schenectady County, which granted a motion by plaintiff for summary judgment, and from the judgment entered thereon. During 1975 defendant, the Golub Corporation (hereinafter Golub), entered into an oral contract with plaintiff's bankrupt, Keeler Electric Company, Inc. (hereinafter Keeler), whereby Keeler allegedly agreed to supply electrical materials and services for the improvement of two properties in Schenectady, New York, in return for the sum of $31,626.58. Graybar Electric Company (hereinafter Graybar) provided Keeler with materials used in completing the work for Golub, and thereafter, on March 8, 1976, it filed mechanic's liens on each of the properties involved, one for $6,597.54 and another for $18,216.12, to secure its payment for the materials it supplied for Golub's two improvement projects. Subsequently, on April 29, 1976, Keeler filed a voluntary petition in bankruptcy, and plaintiff was thereupon appointed its trustee. With these circumstances prevailing, Golub alleges that it was forced to discharge Graybar's liens in order to refinance the properties against which they had been filed, and, consequently, it paid $24,813.66 to Graybar, thereby discharging the liens. As trustee of the bankrupt Keeler, plaintiff at this point commenced the present action wherein he seeks to recover $31,626.58, i.e., the alleged contract price for Keeler's electrical work at the two Schenectady sites. He later moved for summary judgment in that amount, and his motion was granted in the order of Special Term which is being challenged on this appeal. We hold that the grant of summary judgment was error and, accordingly, it must be reversed. In so ruling, we would initially emphasize that, under article 3-A of the Lien Law, Keeler or plaintiff, as trustee, had at most a right to bare legal title to the funds necessary for the payment of Graybar by Golub for the materials which Graybar had provided for the electrical work and that the beneficial interest in the funds was the property of Graybar *(Aquilino v United States of Amer.,* 10 NY2d 271; *Matter of ALB Contr. Co., v York-Jersey Mtge. Co.,* 60 AD2d 989; *Frontier Excavating v Sovereign Constr. Co.,* 30 AD2d 487, app dsmd 24 NY2d 991). Such being the case, Golub could plainly discharge the mechanic's liens by direct payment to Graybar to the extent that said liens accurately reflected the amounts actually due Graybar for materials supplied without any possible injury resulting to either Keeler or its trustee in bankruptcy (see *Terns v Whispell,* 227 F Supp 498). That being so, an action on the contract between Keeler and Golub nonetheless remains in which factual issues are presented which mandate a trial. Not only do the parties disagree as to the total contract price of the agreement between Keeler and Golub, but once that figure is determined plaintiff would be entitled to recover the amount by which the contract price exceeded the amount owed to Graybar for its materials. Upon this latter question, it is uncontested that work and services were performed by Keeler and accepted by Golub, and Golub would have the burden of proving the validity of Graybar's claims which it

discharged, since by its action it deprived Keeler and plaintiff of any opportunity to challenge the filed liens (see *Empire Heating Corp. v Stewart & Co.,* 140 Misc 303; *Nason Mfg. Co. v Adams,* 76 Misc 590, affd 155 App Div 915). Order and judgment reversed, on the law, and matter remitted for trial, with costs to abide the event. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.