■ PATRICIA M. PETERSEN Individually and as Administratrix of the Estate of PAUL J. PETERSEN, Deceased, Appellant, v DEREK OWENS et al., Respondents. (Appeal No. 2.)—Appeal unanimously dismissed without costs (see, CPLR 5501 [a] [2]). (Appeal from Order of Supreme Court, Wyoming County, Dadd, J.—Set Aside Verdict.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.

■ BOS-HATTEN, INC., Respondent, v HOLTEC INTERNATIONAL CORPORATION, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: It was error for Supreme Court to grant plaintiff partial summary judgment and to deny defendant's cross motion seeking dismissal of the second cause of action predicated on article 3-A of the Lien Law. Under the circumstances, we find that, in its course of dealing with Consolidated Edison (Con Ed), defendant acted as a "materialman" (Lien Law § 2 [12]). It is uncontroverted that the nature of defendant's involvement in the project at the East River Pumping Station was limited to the sale and shipment of the two feedwater heaters pursuant to a Con Ed purchase order. Because defendant did not contract with Con Ed or another contractor for the installation of the heaters or their incorporation into the improvement of real property, it was neither a "contractor" nor "subcontractor" as those terms are defined in the Lien Law (Lien Law § 2 [9], [10]). Thus, any funds received by defendant from Con Ed pursuant to the purchase order for the feedwater heaters manufactured by plaintiff did not constitute assets of an article 3-A trust that would be subject to a trust claim such as plaintiff has asserted in its second cause of action (see, Lien Law § 70 [1]; § 71 [1]). In the absence of express statutory authority imposing the duties of an article 3-A trustee on defendant, it was entitled to an order dismissing plaintiff's second cause of action (see, e.g., Caledonia Lbr. & Coal Co. v Chili Hgts. Apts., 70 AD2d 766; Matter of ALB Contr. Co. v York-Jersey Mtge. Co., 60 AD2d 989). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Fallon and Davis, JJ.