Harold J. Crawford, J.
This is an application by a subcontractor to compel a general contractor to serve a further verified statement in accordance with sections 75 and 76 of the Lien Law.
Article 3-A of the Lien Law (Lien Law, §§ 70-79) mandates that funds received by an owner of real property, a contractor or subcontractor, in connection with an improvement of real property be held by the respective recipient in trust for the payment of specified expenses and the claims of certain persons designated beneficiaries. Section 75 provides, inter alia, that a particular trustee shall “keep books or records ” respecting his trust, containing the ‘ ‘ entries ’ ’ specified in such section. Subdivision 1 of section 76, inter alia, permits a beneficiary of the trust to obtain “ a verified statement setting forth the entries with respect to the trust contained in such books or records.”
The applicant is under contract with the general contractor herein and is admittedly a beneficiary of the trust of which the general contractor is trustee. It contends that the verified statement previously delivered by the trustee pursuant to an order of this court, dated March 4, 1963, is insufficient in that it does not contain all of the latter’s book entries required by section 75, but ielates merely to the sources of funds received and payments made by the general contractor solely in connection with the subcontract between the parties to this application.
The court agrees with this contention and is consequently of the opinion that the statement previously delivered to the applicant is insufficient.
*157 There is nothing in article 3-A of the Lien Law which authorizes a trustee either to maintain separate trusts in connection with a contract for an improvement of real property or to furnish a verified statement respecting only a portion of the required trust. Since the Legislature has not seen fit to limit the responsibility of a trustee to the service of a verified statement restricted in scope to the form of statement herein, neither will the court so limit this responsibility. Moreover, it has not been urged that the applicant, in recovering upon its claim against the general contractor, would necessarily be restricted to the moneys allocated by the general contractor to the subcontract between the parties, as was apparently the case in Matter of Gibraltar Corp. of America (N. Y. L. J., Feb. 8, 1963, p. 16, col. 6).
The application is, accordingly, granted and the general contractor shall serve its further verified statement in compliance with sections 75 and 76 of the Lien Law within 10 days of service of a copy of the order to be entered hereon.