Louis B. Heller, J.
In this proceeding brought pursuant to article 3-A, particularly section 76 of the Lien Law, petitioning subcontractors and the beneficiaries of a trust created by the statute move for an order directing the trustee to produce at Special Term, Part II all of its books of original entry, including but not limited to its ledgers, journals, cash receipt and disbursement books, checkbooks and cancelled checks for examination and to make copies thereof; to punish the trustee for contempt of court for its alleged violation of the order of Mr. Justice Baker dated July 27, 1964 and to reimburse the petitioners for the disbursements incurred by them to force compliance with the statute. The trustee in opposition to the motion seeks to vacate the stay of an examination in another action provided for in the order to show cause.
The facts, briefly, reveal that upon application to the court by the petitioners pursuant to the statute Mr. Justice Baker, by order dated July 27, 1964, directed the trustee to appear for such examination and to permit the petitioners “ to examine the books and/or records of the trustee relating to the trust *83 and make copies of any part or parts thereof Upon the return day of the examination the trustee produced and offered for inspection a book of 12 loose-leaf sheets allegedly containing all the information that the trustee believed the petitioners were entitled to examine, which information apparently was culled from the original records maintained by it in its trust capacity.
Petitioners contend that the book submitted is not in compliance with the section or order of the court.
It is clear from a reading of the statute that the Legislature intended the trust to include every conceivable asset which the trustee might come into possession of in connection with the trust. Section 75 directs the trustee to keep books and records and to show the following entries in such books of record kept for each trust, i.e., trust assets receivable, trust accounts payable and trust funds received.
Subdivision 1 of section 76 which authorizes the examination of books or records of the trustee permits a beneficiary of a trust to request an examination of “the books or records of the trustee with respect to the trust, and to make copies of any part or parts thereof relating to the trust ”.
The statute is clear and unambiguous. The trustee is required by the statute to produce all the books and records of the trust (Augman & Candarelli v. Bernard Assoc. No. 3, 234 N. Y. S. 2d 156); see, also, Matter of Leiken & Son v. Distinctive Props. Realty Corp. (39 Misc 2d 156) where the trustee attempted to restrict the information requested. The trustee cannot be the judge to determine what books it shall order for the examination or submit a summary of what it thinks should be the subject of the examination. It is for the court to make such determination and not the trustee.
Accordingly the motion is granted with respect to the examination and production of the books and records as requested and denied in all other respects. Parties to arrange for the time convenient to themselves for the examination and, if not, the court will fix such date in the order to be submitted.
As to the stay contained in the order to show cause relative to the examination before trial in the Saltzman action, it is to be noted that while the stay was granted ex parte it was predicated upon a discussion of the facts by the parties before Mr. Justice Weoht who apparently directed that such stay be incorporated in the order. Under the circumstances, the trustee’s application to vacate is denied.