■ In the Matter of MERV BLANK, INC., Appellant, v WILLIAM J. DWYER JR., et al., Doing Business as 172 BEDFORD ASSOCIATES, Respondents.

MERV BLANK, INC., Appellant, v WILLIAM J. DWYER, JR., et al., Doing Business as 172 BEDFORD ASSOCIATES, Respondents, et al., Defendants.—In a proceeding to compel the service of a verified statement pursuant to section 76 of the Lien Law, and a related action, the appeal, as limited by appellant's brief, is from so much of an order of the Supreme Court, Westchester County, dated August 11, 1975, as denied its motion (1) to adjudge respondents in contempt of court for their failure to furnish it with a verified statement setting forth certain required information regarding the assets of a trust established pursuant to subdivision 1 of section 70 of the Lien Law and (2) to terminate or limit respondents' authority in the application of the trust funds. Order modified by adding a provision thereto requiring respondents to furnish the requested verified statement to appellant. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. Respondents are directed to furnish the said statement within 30 days of entry of the order to be made hereon. A trust fund beneficiary such as appellant is entitled to a verified statement setting forth trust entries, even if its mechanic's lien has been bonded (see *Matter of Radory Constr. Corp. v Arronbee Constr. Corp.,* 24 AD2d 573; cf. *Matter of Allerton Constr. Corp. v Fairway Apts. Corp.,* 26 AD2d 636). Respondents have therefore been directed to furnish appellant with a verified statement which complies with subdivision 1 of section 76 of the Lien Law. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.