■ C. D. Perry & Sons, Inc., Respondent, v Sarkisian Brothers, Inc., Appellant, et al., Defendant.—Appeal from so much of an order of the Supreme Court at Special Term, entered August 11, 1975 in Otsego County, as directed that plaintiff recover of appellant, Sarkisian Brothers, Inc., interest on $128,507.14 from February 25, 1974. The plaintiff and appellant entered into a contract whereby plaintiff was to furnish and install certain materials forming a part of a structure being built by appellant for the defendant, City of Oneonta. The contract provided that upon completion of plaintiff's work it was to be paid 90% of the value thereof and appellant was to withhold 10% of the value until the project was accepted by the city. It is undisputed that pursuant to the contract the sum of $128,507.14 became due from appellant to plaintiff on February 25, 1974. Appellant refused or failed to pay and on April 24, 1974 plaintiff duly perfected a mechanic's lien in the amount of $142,785.71 as the total value of its work. The appellant concedes that the plaintiff is entitled to an amount of interest from February 25, 1974 but contends that the allowance of interest is a matter of discretion and not of right because in the present case it is an equitable action. (See CPLR 5001, subd [a]; *General Supply & Constr. Co. v Goelet,* 241 NY 28.) Section 5 of the Lien Law expressly provides that the lien for public improvements includes interest. Special Term found that viewing the action as equitable in nature, the fact that in April of 1974 appellant offered to pay the sum of $128,507.14 would not warrant a discretionary denial of interest after that time because it was coupled with an unreasonable demand that plaintiff discharge its mechanic's lien. Under any view of this case, the appellant has not established that Special Term erred in allowing interest as it did. Order affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.