■ In the Matter of A. D. WALKER & Co., INC., Respondent, v SHELTER PROGRAMS Co. et al., Appellants. — In a proceeding pursuant to subdivision 5 of section 76 of the Lien Law, the appeal is from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered April 17, 1980, which denied the appellants' motion to dismiss the petition. Order reversed, on the law, without costs or disbursements, motion granted, petition dismissed and judgment entered March 25, 1981 vacated. In the instant proceeding the petitioner seeks, as a trust beneficiary, an order pursuant to subdivision 5 of section 76 of the Lien Law directing each of the appellants, as alleged Lien Law trustees, to permit the petitioner to examine books and records of each appellant. The main issue raised is whether the proceeding is barred by the one-year Statute of Limitations set forth in subdivision 2 of section 77 of the Lien Law, commencing from the completion of the improvement of real property. The petitioner subcontractor, unsuccessful in the enforcement of a judgment entered against the appellant contractor, Shelter Programs Company, on August 22, 1979 in the Supreme Court, Westchester County, pursuant to CPLR 7514, served separate notices on December 18, 1979 upon each of the appellants, requesting examination of records, pursuant to subdivisions 1 and 2 of section 76 of the Lien Law. Thereafter, on January 22, 1980, petitioner commenced this proceeding. It is not disputed that the improvement of real property, the construction of a hotel in New Rochelle, New York, was completed in June, 1975 and that the petitioner did not pursue any remedies pursuant to the mechanics' lien provisions of articles 2 and 3 of the Lien Law. A subcontractor may concurrently pursue several civil remedies, including the filing of a mechanic's lien, foreclosure of such lien, review of books and records of a contractor, obtaining a statement from the contractor, enforcement of a trust for the benefit of all trust beneficiaries and a contract action at law. By failing to pursue a specific civil remedy within the prescribed statutory period, a subcontractor is barred from pursuing such specific remedy. The Statute of Limitations set forth in subdivision 2 of section 77 of the Lien Law, together with the provisions included in section 78 of the Lien Law, which section limits the rights of a judgment creditor and which applies all the provisions of section 77 of the Lien Law to postjudgment proceedings of a judgment creditor, express the legislative intent and must be controlling (cf. *Talbot v KMZ Enterprises,* 52 AD2d 995, affd 43 NY2d 687). The provisions of section 79-a of the Lien Law, which establish criminal liability for the misappropriation of trust funds by any trustee, officer, director or agent of such trustee (see Penal Law, §§ 155.30, 155.35; CPL 30.10, providing for a five-year Statute of Limitations on the prosecution of grand larceny in the third degree) do not alter the one-year Statute of Limitations included in subdivision 2 of section 77 of the Lien Law with respect to a proceeding seeking an order directing a trustee to permit a trust beneficiary to examine the books and records of such trustee. The instant proceeding is, therefore, barred by the one-year Statute of Limitations. This court has not considered the additional issues presented on this appeal. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.