■ ALIBRANDI BUILDING SYSTEMS, INC., Plaintiff, v WM. C. PAHL CONSTRUCTION CO., INC., et al., Appellants, and IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY WELFARE AND PENSION FUNDS et al., Respondents, et

al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this Lien Law article 3-A lien foreclosure action, defendants Iron Workers District Council of Western New York and Vicinity Welfare and Pension Funds (Council), Iron Workers Local No. 60 Annuity Pension and Educational and Training Funds (Funds) and Iron Workers Local Union No. 60 (Union) asserted four counterclaims and cross claims, seeking to recover unpaid fringe benefits and union dues payments, plus interest and liquidated damages, allegedly owed by codefendant A & J Steel Erectors (A & J). Codefendants Wm. C. Pahl Construction Co. (Pahl) and Fidelity and Deposit Company of Maryland (Fidelity) appeal from an order denying their motion for summary judgment dismissing the cross claims.

In their cross claims, Council, Funds and Union seek to foreclose on their public improvement mechanics liens, to enforce their claims to the project proceeds under the Lien Law, and to enforce claims against the Fidelity payment bond pursuant to State Finance Law § 137. Because they are pursuing those remedies to compel contribution to employee benefit funds otherwise mandated, there is no preemption by the Employee Retirement Income Security Act (ERISA; 29 USC § 1001 *et seq.*). The Court of Appeals has determined that ERISA does not preempt Business Corporation Law § 630 because that section is "remedial only" (*Sasso v Vachris,* 66 NY2d 28, 32). The remedies pursued here are similarly remedial in nature. "[They] provide * * * additional enforcement mechanism[s] by which [the Council, Funds and Union] can recover delinquent contributions already due and owing to them * * * under the collective bargaining agreement * * * [They] do not 'regulate, directly or indirectly, the terms and conditions' of the * * * welfare and pension plan (29 USC § 1144 [c] [2]) and, therefore, do * * * not 'relate to' the employee benefit plan within the meaning of section 514 (a) of ERISA" (*Sasso v Vachris, supra,* at 33; *see also, Planned Consumer Mktg. v Coats & Clark,* 71 NY2d 442).

On the Lien Law cross claims, however, Council's, Funds' and Union's claims are limited to the unpaid contributions of A & J, plus interest (*see,* Lien Law § 5; *Perry & Sons v Sarkisian Bros.,* 53 AD2d 932). Although recoverable in a breach of contract action against A & J, any liquidated damages may not be recovered under the Lien Law (*see, Midtown Contr. Co. v Goldsticker,* 165 App Div 264).

Council, Funds and Union also have a valid claim in their

third cross claim against Pahl and Fidelity pursuant to Lien Law article 3-A. The trust funds created under that article extend to the employees of A & J, which also has a filed public improvement lien, regardless of who holds the monies owed to the employees *(see, American Blower Corp. v James Talcott, Inc.,* 18 Misc 2d 1031, 1040, *affd* 11 AD2d 654, *affd* 10 NY2d 282; *see also,* Lien Law § 70 [7]). Recovery on the third cross claim, however, would exclude liquidated damages and would be limited to the principal sums, plus interest *(see,* Lien Law § 77 [3] [a]).

Finally, Union's claim against the construction payment bond in the fourth cross claim states a valid claim under State Finance Law § 137 (5) (b). Union's notice to Pahl and Fidelity, made within 120 days of A & J's employees' completion of work on the public improvement project, gave notice of Union's claim "with substantial accuracy" (State Finance Law § 137 [3]). Union's recovery, however, would be limited to the unpaid amount of union dues, plus interest from the date on which payment was demanded *(see,* State Finance Law § 137 [4] [c]).

The order of Supreme Court is, therefore, modified by striking the demands for liquidated damages in the first, second and third cross claims, and by striking from the fourth cross claim Union's demand for liquidated damages and for interest before the date on which payment was demanded. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Dismiss Cross Claims.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.