■ INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS AND ASBESTOS WORKERS LOCAL No. 26 WELFARE FUND, PENSION FUND AND ANNUITY FUND, by WILLIAM URQUHART et al., as Trustees, et al., Appellants, v HEBERT INDUSTRIAL INSULATION, INC., et al., Respondents. [651 NYS2d 835] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Supreme Court erred in denying petitioner's application to examine respondents' books and records pursuant to Lien Law §§ 75 and 76. Respondents are the trustees of seven statutory trusts imposed on the proceeds from seven projects to improve certain private and public properties (see, Lien Law § 71 [2] [d]; [4]; see also, Alibrandi Bldg. Sys. v Pahl Constr. Co., 187 AD2d 957, 958). As beneficiaries of the trusts, petitioners are entitled to examine the books or records of the trustee once a month (see, Lien Law § 76 [1] [a], [b]; [5]).

We reject the contention that an examination pursuant to Lien Law § 76 is the equivalent of discovery and inspection under CPLR 3120 and is therefore subject to a protective order under CPLR 3103 (see, G & B Lab. Installation v Beekman Downtown Hosp., 66 Misc 2d 441).

We agree with petitioners that they did not elect their remedies by filing Federal actions or mechanics' liens. It is well settled that the trust fund remedy under article 3-A of the Lien Law is not exclusive and does not preclude a creditor from pursuing other remedies to enforce the lien (see, Matter of John R. Philip, Inc. v Langella, 285 App Div 1038; see also, Poughkeepsie Iron & Metal Co. v Ermco Erectors, 79 Misc 2d 142, 142-143).

Finally, because petitioners have an independent unqualified right to examine the books or records on a monthly basis (see, Lien Law § 76 [1] [a]), it is irrelevant whether the examination request pursuant to Lien Law § 76 duplicates discovery requests in pending Federal actions. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Discovery.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.