■ FOREST ELECTRIC CORP., Appellant, v KARCO-DAVIS, INC., et al., Defendants, and JULES DAVIS, Respondent. [686 NYS2d 411] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 29, 1998, which, to the extent appealed from, denied plaintiff's motion for summary judgment against defendant Jules Davis and granted defendant Davis' cross motion for summary judgment dismissing plaintiff's claims as against him, unanimously modified, on the law, to deny Davis' cross motion, and otherwise affirmed, without costs.

Plaintiff subcontractor Forest Electric sues to recover funds entrusted for its benefit pursuant to Lien Law article 3-A (Lien Law § 70 et seq.), but allegedly diverted by defendants Karco-Davis, Inc. and Jules Davis. Although the motion court dismissed the action against the individual defendant, Jules Davis, we cannot agree that Davis' conclusory denials of the alleged diversion warranted summary judgment in his favor. In view of Davis' admissions as to the unauthorized use of certain entrusted funds (see, Matter of Polidoro, 12 Bankr 867; Santa Barbara v Pasquale Avallone & Stefano Miele, Inc., 270 NY 1, 6), and his status as the sole officer and director of defendant Karco-Davis with control over the corporation's finances, there are issues of fact precluding the grant of summary judgment dismissing the complaint as against Davis individually. As to the denial of plaintiff's motion for summary judgment upon its claims against Davis, however, we find no error. Although the statutory presumption of diversion (Lien Law § 75 [4]) was properly raised against Karco-Davis in its capacity as trustee, and that presumption together with the submitted proof of the alleged diversion warranted the motion court's grant of summary judgment against Karco-Davis, the same presumption is not applicable against Davis individually since, without the benefit of the presumption, no conclusive case of Davis' liability for the diversion of trust funds was made out.

We have considered plaintiff's other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.