■ In the Matter of NEW ROCHELLE CONTRACTING CORP., Respondent, v AMERICAN STEEL ERECTORS, INC., Appellant. [758 NYS2d 363] —In a proceeding pursuant to Lien Law § 21 (5) to discharge a public improvement mechanics' lien, American Steel Erectors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated April 24, 2002, as denied those branches of its motion which were, in effect, to direct the petitioners to comply with its demand for a verified statement pursuant to Lien Law § 76 (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner commenced this proceeding pursuant to Lien

Law § 21 (5) to discharge a public improvement mechanics' lien. In opposition, American Steel Erectors, Inc. (hereinafter American Steel) moved, inter alia, for a temporary stay of the proceeding on the ground that the petitioner failed to comply with its demand for a verified statement under the trust fund provisions of the Lien Law (*see* Lien Law § 76 [5]).

The Supreme Court properly declined to stay the proceeding. A lienor may pursue both its trust fund remedies under Lien Law article 3-A and its ordinary remedies in enforcing the lien (*see* Lien Law § 79; *International Assn. of Heat & Frost Insulators & Asbestos Workers Local No. 26 Welfare Fund, Pension Fund & Annuity Fund v Hebert Indus. Insulation,* 234 AD2d 930 [1996]; *Matter of Walker & Co. v Shelter Programs Co.,* 84 AD2d 536 [1981]; *Matter of Merv Blank, Inc. v Dwyer,* 50 AD2d 563 [1975]; *Matter of Radory Constr. Corp. v Arronbee Constr. Corp.,* 24 AD2d 573 [1965]; *Matter of Poughkeepsie Iron & Metal Co. v Ermco Erectors,* 79 Misc 2d 142 [1974]). American Steel's proper remedy is to commence a proceeding to compel the service of a verified statement (*see* Lien Law § 76 [5]; *Scriven v Maple Knoll Apts.,* 46 AD2d 210, 213 [1974]).

The appellant's remaining contentions are without merit. Ritter, J.P., Smith, Krausman and Rivera, JJ., concur.