Appeal from a judgment of Supreme Court, Monroe County (Affronti, J.), entered September 19, 2002, convicting defendant upon her plea of guilty of criminal possession of a forged instrument in the second degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the resentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Defendant pleaded guilty in exchange for an agreed-upon split sentence of six months’ incarceration together with a five-year period of probation. Although she was sentenced on August 27, 2002, Supreme Court allowed defendant to remain free for one week following sentencing, and ordered her to surrender herself to the Monroe County Jail on September 3, 2002, to begin her six-month term of incarceration. However, defendant failed to surrender herself on that date, and a warrant was issued for her arrest. When defendant was brought before the court on the warrant, both she and her counsel told the court that defendant had attempted to surrender herself on September 3 and 4, 2002 *1054 but the jail denied her admittance for want of an order of commitment. Although the court stated that it did not “dispute” what either defendant or her counsel related, the court nevertheless sua sponte vacated defendant’s sentence and resentenced defendant to a definite term of incarceration of one year.
We agree with defendant that the court’s summary rejection of her plausible, exculpatory explanation for failing to comply with the court’s order to surrender herself to the county jail “deprived defendant of [her] right ... to refute the single, aggravating factor which influenced the court in increasing defendant’s punishment” (People v Banks, 161 AD2d 957, 958 [1990]). We further agree that “[defendant should have been afforded such an opportunity through a summary hearing at a presentence conference . . . or by some other fair means within the discretion of the sentencing court” (id.). We therefore modify the judgment by vacating the resentence, and we remit the matter to Supreme Court, Monroe County, for resentencing before a different justice. Present — Pine, J.P, Wisner, Hurlbutt, Gorski and Lawton, JJ.