■ MEDCO PLUMBING, INC., Respondent, v SPARROW CONSTRUCTION CORPORATION et al., Appellants. [802 NYS2d 730]—

In an action, inter alia, to recover damages for breach of contract and to enforce a trust under Lien Law article 3-A, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Golar, J.), entered May 17, 2004, as, after a jury trial, and upon the granting of that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment in its favor on the issue of liability

on its cause of action to enforce a trust under Lien Law article 3-A, is in favor of the plaintiff and against the defendants Sparrow Construction Corporation and Randolph Silverstein in the principal sum of $1,796,322.33, and is in favor of the plaintiff and against the defendants Randolph Silverstein and Andrea Silverstein in the principal sum of $75,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the contentions of the defendants Sparrow Construction Corporation (hereinafter Sparrow) and Randolph Silverstein (hereinafter Randolph), the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment in its favor on the issue of liability on its cause of action to enforce a trust under Lien Law article 3-A. Pursuant to Lien Law § 75 (4), the "[f]ailure of the trustee to keep the books or records required by this section shall be presumptive evidence that the trustee has applied or consented to the application of trust funds actually received by him as money or an instrument for the payment of money for purposes other than a purpose of the trust." While Sparrow and Randolph presented evidence at trial indicating that the corporate books had been seized by the Manhattan District Attorney's office, the mere assertion that such books and records were kept was insufficient to avoid the statutory presumption (*see In re Mitchell*, 1996 WL 631730 at *4, n 2, 1996 Bankr LEXIS 1384 at *9 n 2 [ND NY, Oct. 18, 1996] [96-CV-581]; *Raisler Corp. v Uris 55 Water St. Co.*, 91 Misc 2d 217, 221 [1977]; *Schwadron v Freund*, 69 Misc 2d 342, 344 [1972]). In any event, the conclusory and vague assertions by Sparrow and Randolph as to what books and records were taken by the Manhattan District Attorney's office, as well as their failure to demonstrate that they made any attempt to regain possession thereof, failed to constitute a reasonable excuse (*see generally Giarrusso Building Supplies, Inc. v Hogan*, 193 BR 130, 139 [1995]). Accordingly, the statutory presumption was properly invoked. Since Sparrow failed to rebut the statutory presumption by producing evidence that it did not divest the trust funds, the Supreme Court properly granted judgment in favor of the plaintiff on that cause of action (*see In re Mitchell, supra*).

Randolph also claims that the Supreme Court erred in granting that branch of the plaintiff's motion pursuant to CPLR 4401 which was for judgment on the cause of action to enforce a trust against him individually since he is not a trustee under the Lien Law (*see* Lien Law § 75 [4]); *Forest Elec. Corp. v Karco-Davis, Inc.*, 259 AD2d 303 [1999]). However, the plaintiff

established that Randolph knowingly and wrongfully partici- pated in the diversion of trust funds by the corporation (*see Edgewater Constr. Co. v 81 & 3 of Watertown*, 1 AD3d 1054 [2003]; *In re Grosso*, 9 BR 815 [1981]; *Schwadron v Freund, supra; Jasel Bldg. Prods. Corp. v Polidoro*, 12 BR 867, 870-871 [1981]).

A jury determination will not be set aside unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Hedaya Home Fashions, Inc. v American Motorists Ins. Co.*, 12 AD3d 639, 640 [2004], *lv denied* 4 NY3d 708 [2005]). Contrary to the contentions of Sparrow and Randolph, the jury could have reasonably concluded that they, through their partial payments, issuances of a note, and actions of inducing the plaintiff, based upon their long-standing rela- tionship, to roll over contract balances instead of paying them outright, engaged in conduct intended to mislead the plaintiff and encouraged the plaintiff to refrain from commencing the cause of action to enforce a trust against them within the ap- propriate statute of limitations. As the jury could have reason- ably concluded that the plaintiff was "induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 449 [1978]), the deter- mination that Sparrow and Randolph were, in effect, estopped from asserting the statute of limitations as a defense to that cause of action should not be disturbed.

Similarly, there is no basis upon which to disturb the jury verdict with respect to the award of damages to the plaintiff for the extra work it performed on the projects or with respect to its determination that the plaintiff was entitled to recover from Randolph and Andrea Silverstein under a theory of quantum meruit for work it performed on their home.

The defendants' remaining contentions are without merit. Crane, J.P., S. Miller, Luciano and Lifson, JJ., concur.