■ EDGEWATER CONSTRUCTION CO., INC., Respondent-Appellant, v 81 & 3 OF WATERTOWN, INC., et al., Defendants, MARY RIPPER, Appellant-Respondent, and BELLA VISTA GROUP, INC., Respondent. (Appeal No. 1.) [805 NYS2d 898]—Appeal and cross appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 23, 2004. The order, inter alia, awarded plaintiff $467,686 plus interest, costs and disbursements against defendant Mary Ripper.

Appeal and cross appeal from an amended judgment of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 23, 2004. The amended judgment, inter alia, adjudged that plaintiff recover $467,686 plus interest, costs and disbursements from defendant Mary Ripper.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, Edgewater Construction Co., Inc. (Edgewater), commenced this action seeking to recover the cost of rebuilding a foundation wall during the construction of a Sam's Wholesale Club for Wal-Mart Stores, Inc. (Wal-Mart). De-

fendant 81 & 3 of Watertown, Inc. (81 & 3) was responsible for the construction of the store for Wal-Mart and contracted with Edgewater to construct the store. Defendant Mary Ripper and her husband, defendant Pasquale D. Cipolla, are officers of 81 & 3. Cipolla is the manager of defendant Bella Vista Group, Inc. (Bella Vista). Plaintiff asserted causes of action for breach of contract and wrongful diversion of trust funds held in trust under article 3-A of the Lien Law.

During the nonjury trial on the action, Edgewater entered into a stipulation with 81 & 3, Ripper, Cipolla, Bella Vista and defendant Innovative Realty, Inc. (collectively, defendants). That stipulation provided in pertinent part that "the amount of the trust fund received by [81 & 3] as trustee on or about September 1, 1994 from the sale of the Sam's Club project at Watertown, New York . . . is the sum of $739,152.34. That said, defendants and/or others may be liable to the plaintiff for the amount that the Court may find as due plaintiff in this action to the extent said defendants or others received all or part of *the said trust funds*" (emphasis added).

Plaintiff was awarded judgment on both causes of action, and Supreme Court granted judgment against defendants, jointly and severally. On the appeal from that judgment, we determined, inter alia, that the court properly found that 81 & 3 breached the contract with Edgewater. We modified the judgment, however, by reversing the judgment against Innovative Realty, Inc., and by vacating the award of damages against Ripper and Bella Vista on the second cause of action on the ground that the court "never made any findings with respect to the exact amount of the trust funds those defendants wrongfully received" (*Edgewater Constr. Co. v 81 & 3 of Watertown* [appeal No. 2], 1 AD3d 1054, 1058 [2003]). We remitted the matter to Supreme Court for further findings "with respect to the amount of trust funds those defendants wrongfully received and to grant judgment accordingly against them" (*id.*). Ripper appeals and Edgewater cross-appeals from the amended judgment entered upon remittal, which, inter alia, awarded Edgewater judgment against Ripper but found no liability on the part of Bella Vista.

Contrary to the contention of Ripper, the stipulation did not limit her liability to funds she "actually received." Where, as here, a stipulation is entered into the record pursuant to CPLR 2104, "courts should construe [the stipulation] as an independent contract subject to settled principles of contractual interpretation" (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]), giving each word and phrase its plain meaning (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). Here, the stipu-

lation predicated liability on amounts each defendant "received." A party is deemed to have constructively received funds where the party "direct[s] application of the funds to satisfy a personal debt or to achieve some other personally desired result" (*Canron Corp. v City of New York*, 89 NY2d 147, 155 [1996]). Inasmuch as the stipulation did not limit liability to funds "directly" or "actually" received by defendants, we conclude that the court properly found Ripper liable for funds she received, directly or constructively.

We likewise reject the contention of Edgewater that the court erred in limiting its recovery to the funds received by any of the defendants after September 1, 1994. Pursuant to the explicit terms of the stipulation, the res of the stipulated trust fund was $739,152.34, which was received on or about September 1, 1994. Liability for each defendant was predicated on the amount each defendant received from the "said trust funds." Inasmuch as defendants could not have received any of the said trust funds before they became a part of the trust on September 1, 1994, we conclude that the court properly considered only amounts transferred to the various defendants on or after that date.

Edgewater further contends that the court ignored a second stipulation that would have expanded the res of the trust. Although that "second stipulation" is not in the record presently before us, we may take judicial notice of the record in the prior appeal (*see Devine v Melton*, 170 App Div 280, 282 [1915]). The record in the prior appeal establishes that the second stipulation to which Edgewater refers concerned the admission of various exhibits in evidence at trial. Indeed, the stipulation explicitly disavowed any acknowledgment that the exhibits established a trust claim or that any sum was due to Edgewater.

Finally, Edgewater contends that the statement in our decision in the prior appeal that the evidence established that Bella Vista received wrongfully diverted trust funds constitutes the law of the case and thus precludes the court's finding in the amended judgment on appeal herein that Bella Vista did not receive any of the stipulated trust funds. We reject that contention. The doctrine of the law of the case applies only to issues that have been judicially determined (*see generally Martin v City of Cohoes*, 37 NY2d 162, 165 [1975], *rearg denied* 37 NY2d 817 [1975]). We determined in the prior appeal that the evidence admitted at trial established that Bella Vista received wrongfully diverted funds from the Lien Law article 3-A trust. We did not, however, determine that Bella Vista received any amount from the res of the stipulated trust fund at issue herein. Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.