■ ACKERMAN MECHANICAL SERVICES, INC., Appellant, v MICHAEL K. HAYES, Respondent. (Appeal No. 1.) [821 NYS2d 520]— Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 10, 2005. The order, among other things, directed plaintiff to provide defendant with certain records kept by plaintiff pursuant to Lien Law § 75.

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 10, 2005. The order, insofar as appealed from, upon reargument, adhered to the court's prior determination granting in part defendant's motion to compel discovery and denied that part of plaintiff's motion seeking leave to renew.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendant's motion with respect to projects that are not the subject of this litigation and vacating the second ordering paragraph of the order entered May 10, 2005 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant, who performed construction-related work for plaintiff, converted payments owed to plaintiff from a client. In his answer defendant asserted as a first counterclaim the breach of contract by plaintiff with respect to seven projects on which he worked for plaintiff, seeking specified damages with respect to each of those projects. It is undisputed that defendant worked for plaintiff on projects other than the seven identified in the first counterclaim and that the parties had an agreement that included both salary and profit sharing components. By or-

der to show cause, defendant sought, inter alia, to compel plaintiff to respond to discovery requests, including requests for financial information for "each job" on which defendant worked for plaintiff. Supreme Court granted defendant's motion in part, directing plaintiff to provide "all records kept by [plaintiff] pursuant to . . . Lien Law § 75," including records for projects on which defendant worked for plaintiff "during a reasonable period of time prior to the jobs that are the issue of the litigation at bar." Upon the motion of plaintiff seeking, inter alia, reargument of its opposition to that part of defendant's motion to compel discovery of records for projects that are not the subject of this litigation, the court adhered to its prior determination.

We agree with plaintiff that the court erred in ordering it to provide records for projects that are not the subject of this litigation, and we therefore modify the order in appeal No. 2 accordingly. Defendant holds trust claims only on the projects that are the subject of this litigation, and the remedies available pursuant to Lien Law § 76 (1) are not the equivalent of discovery and inspection pursuant to CPLR 3120 (*see International Assn. of Heat & Frost Insulators & Asbestos Workers Local No. 26 Welfare Fund, Pension Fund & Annuity Fund v Hebert Indus. Insulation*, 234 AD2d 930 [1996]).

With respect to the order in appeal No. 3, we conclude that the court erred in denying plaintiff's motion for a protective order to the extent that the court granted defendant leave to serve a subpoena duces tecum seeking certain bank records, and we therefore modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.