■ MICHAEL J. PRONTI, Doing Business as BEST CONSTRUCTION COMPANY, Appellant, v FREDERICK M. BELLETTI et al., Respondents, et al., Defendant. [829 NYS2d 753]—

Carpinello, J. Appeal from an order of the Supreme Court

(O'Shea, J.), entered June 9, 2006 in Chemung County, which denied plaintiff's motion to compel disclosure.

Plaintiff was hired by defendants Frederick M. Belletti and Roberta A. Belletti to repair the roof on their home for $11,750. Plaintiff now claims, in this action to enforce the contract and foreclose on a mechanic's lien, that he duly performed the job between November 24, 2004 and December 8, 2004, that defendants only paid him $1,500 (despite their having received $13,000 in mortgage proceeds to pay for the project) and that he is thus entitled to the outstanding balance of $10,250. The Bellettis counterclaimed for breach of contract.

In particular, the Bellettis alleged that, in the course of the repair job, the roof was not properly secured one evening and rain poured into their house causing substantial interior damage and resulting in a homeowners' insurance claim. They further allege that the repair job was otherwise performed inadequately necessitating the hiring of another contractor to remedy it. As for the $13,000 they received from their bank to pay for the project, the Bellettis established that $11,000 of this sum has been deposited into an attorney trust account to cover the $10,250 lien in the event they lose this case. Plaintiff now appeals from an order denying his motion to compel a verified statement pursuant to Lien Law § 76 and for certain other discovery. We conclude that the motion was properly denied.

The Bellettis' attorney submitted an affidavit in which he averred that $11,000 has been placed in his trust account pending resolution of the instant dispute and further averred that such funds will not be dispersed absent a court order. This affidavit, which fully apprised plaintiff that the Bellettis had the available funds to pay his claim and that such funds would remain undisturbed pending this dispute, was more than sufficient to satisfy both the spirit and intent of the Lien Law, the purpose of which "is to make certain that laborers, materialmen and subcontractors on an improvement are paid from project funds" (*Conforti & Eisele v Salzstein & Co.*, 56 AD2d 292, 294 [1977]; *see* Lien Law § 71; *Frontier Excavating v Sovereign Constr. Co. of N.J.*, 30 AD2d 487, 489 [1968], *appeal dismissed* 24 NY2d 991 [1969]). Finally, noting Supreme Court's broad discretionary authority to control discovery (*see Fox v Fox*, 309 AD2d 1056, 1057-1058 [2003]; *McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594 [2001]), we find no abuse of that discretion in otherwise denying the motion to compel as the Bellettis sufficiently responded to plaintiff's initial omnibus discovery demands and his second such demands contained duplicative or irrelevant requests.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.