■ Love Drywall, Inc., Respondent, v Harbor Light Development Corp., Doing Business as Point of Woods Homes, Inc., et al., Appellants. [898 NYS2d 872]—In an action, inter alia, to enforce a trust under article 3-A of the Lien Law, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 8, 2009, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, we find no reason to disturb the Supreme Court's denial of that branch of the defendants' motion which was to dismiss the complaint pursuant

to CPLR 3211 (a) (4), based upon the pendency of another action to enforce a trust under article 3-A of the Lien Law brought against three of the defendants in this action by a different plaintiff (*see Atlas Bldg. Sys. v Rende*, 236 AD2d 494, 495 [1997]; *cf. Premier Elec. Constr. Corp. v Security Natl. Bank of Long Is.*, 39 AD2d 967, 968 [1972]; *see also Donaldson Acoustics Co., Inc. v Sutton E. Assoc., Inc. #88*, NYLJ, Dec. 4, 1991, at 23, col 3), especially since the two actions were subsequently joined for trial. Notably, the complaint here seeks recovery not only pursuant to the Lien Law, but also under the parties' underlying contract as an independent claim (*see International Assn. of Heat & Frost Insulators & Asbestos Workers Local No. 26 Welfare Fund, Pension Fund & Annuity Fund v Hebert Indus. Insulation*, 234 AD2d 930 [1996]; *South Carolina Steel Corp. v Miller*, 170 AD2d 592, 594 [1991]; *Matter of A. D. Walker & Co. v Shelter Programs Co.*, 84 AD2d 536 [1981]; *Matter of Merv Blank, Inc. v Dwyer*, 50 AD2d 563 [1975]).

Moreover, the Supreme Court did not err in concluding that the question of when final payment became due for the plaintiff's services "so as to commence the running of the statute of limitations is one of fact to be determined at trial" (*In re Grosso*, 9 BR 815, 822 [1981]; *see Dittmar Explosives v A. E. Ottaviano, Inc.*, 20 NY2d 498, 503 [1967]; *Utica Sheet Metal Corp. v Myers-Laine Corp.*, 45 AD2d 116, 119 [1974]). Accordingly, the Supreme Court also properly denied that branch of the motion to dismiss which was pursuant to CPLR 3211 (a) (5). Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.