*602 OPINION OF THE COURT
Michael C. Lynch, J.
By order to show cause (McDonough, J.) issued July 26, 2010, petitioner seeks an order pursuant to Lien Law article 3-A directing respondent to allow an examination of respondent’s trust books or records for a project known as “Brandle Meadows — Senior Condominium Community.”[1] Respondent opposes the application.[2]
In response to an initial demand for an examination of trust records served on July 13, 2010 (exhibit A), respondent provided a verified statement of the trust accounts dated July 19, 2010 (exhibit C). The controversy continued with petitioner demanding an opportunity to actually examine the trust records in accord with Lien Law § 76, including the underlying documentation, such as cancelled checks and invoices. In follow-up correspondence which the court has accepted, as listed below, petitioner’s representative examined certain trust records in September 2010. The dispute remains as to whether the scope of this examination satisfies Lien Law § 76.
To begin, it is important to recognize that petitioner’s rights under article 3-A are independent of the separate actions filed in the ongoing dispute between the parties (Lien Law § 76 [1]; § 79; International Assn. of Heat & Frost Insulators & Asbestos Workers Local No. 26 Welfare Fund, Pension Fund & Annuity Fund v Hebert Indus. Insulation, 234 AD2d 930 [1996]). That the mechanic’s lien has been bonded does not alter this statutory right (Lien Law § 79; Merv Blank, Inc. v Dwyer, 50 AD2d 563 [1975]; cf. Pronti v Belletti, 37 AD3d 966 [homeowner’s placement of funds in attorney trust account sufficient to satisfy Lien Law]).
Pursuant to Lien Law § 76 (1) (a) and (b), petitioner has the option of (1) examining the “books or records” (emphasis added) of the trust, or (2) accepting a verified statement of the ac *603 counts from the trustee. That defendant served a verified statement in the first instance does not vitiate petitioner’s right to examine the books, a point that respondent has not disputed.
This controversy calls into question the scope of the examination authorized under Lien Law § 76. Citing to Matter of Poly Constr. Corp. v Oxford Hall Co. (44 Misc 2d 82 [1964]), petitioner asserts its right to examine all of respondent’s records including the documentation underlying each trust transaction. In Poly Constr., the trustee proffered “a book of 12 loose-leaf sheets” purporting to include information derived from the original records which the trustee deemed pertinent {id. at 83). Understandably, the court determined that the beneficiary was entitled to examine all the books or records of the trustee, not just an information summary.
Under Lien Law § 75, a trustee is obligated to maintain “books or records” including entries for the following categories: trust assets received, trust accounts payable, trust funds received, trust payments made with trust assets and transfers in repayment of or to secure advances made pursuant to a “Notice of Lending.” Each category requires specific information identifying the transaction. These are the books or records a beneficiary is entitled to examine under Lien Law § 76. Whether a beneficiary is entitled to examine the documentation underlying each specific transaction is not expressly addressed. The statutory focus is on the recording of information pertinent to the activities of the trust through the “books or records” of the trust. In the event the required information is detailed in the books provided for examination, a further examination of the underlying documentation does not appear to be required. Where the books fail to detail the required information, however, a beneficiary is entitled to examine the underlying documentation in order to obtain same, i.e., the records. The disjunctive statutory authorization “books or records” embraces both scenarios.
Here, a discrepancy remains as to whether all the required information was provided during the September 2010 examination. As an example, petitioner’s counsel represents in his October 8, 2010 letter submission that the “computer-generated general ledger was lacking three yearsf] worth of entries.”
Given the above, the court hereby grants the petition and directs respondent to produce the books or records of the trust, as necessary, providing all the information outlined in Lien Law *604 §75 within 10 days of the date this decision and order is served with notice of entry, without costs.

. There are two related cases between the parties pending before the court: Brandle Meadows, LLC v Bette & Cring, LLC (index No. 7684-09) and Bette & Cring, LLC v Brandle Meadows, LLC (index No. 8523-09). Both actions have been stayed pending arbitration. In an earlier application, the court denied petitioner’s application for an order compelling respondent to provide a verified statement, finding that the statement provided was adequate (decision and order, dated June 18, 2010, Lynch, J.).

. The court recognizes that respondent did not submit an answer to the petition, but only the opposition affidavit of its attorney. Given that the issue presented is one of compliance, the court opts to address the application on the merits.