■ In the Matter of BETTE & CRING, LLC, Appellant, v BRANDLE MEADOWS, LLC, Respondent. [917 NYS2d 717]—

Egan Jr., J. (1) Appeal from an order of the Supreme Court (Lynch, J.), entered June 28, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Lien Law article 3-A, to compel the service of a verified statement, and (2) motion to dismiss the appeal.

In November 2007, petitioner was retained by respondent to serve as the construction manager for the Brandle Meadows-Senior Condominium Community project in the Village of Altamont, Albany County. A dispute arose between the parties when petitioner claimed that it had completed the work required under the contract and was owed $2,094,054.02. Thereafter, petitioner served respondent with a demand for a verified statement setting forth entries contained in respondent's books and records with respect to the trust, established by law for the project (see Lien Law § 70 [1]), pursuant to Lien Law § 76. Respondent provided a verified statement which petitioner claims did not meet the minimum requirements for such statements. Petitioner, thereafter, commenced this proceeding to compel respondent to comply with its demand. Respondent served a verified response on petitioner, including a transaction list to supplement the previously provided verified statement. Subsequently, the main contractual dispute between the parties was referred to arbitration, on consent of the parties. In addition, a related tort dispute between the parties was stayed pending resolution of the arbitration claim. Supreme Court dismissed the petition, and petitioner now appeals.

Lien Law article 3-A creates a statutory trust for funds received by owners "in connection with an improvement of real property in this state" (Lien Law § 70 [1]), and it was enacted to ensure that those involved with such an improvement will be paid (see Sabol & Rice v Poughkeepsie Galleria Co., 175 AD2d 555, 556 [1991]; Matter of ABJEN Props. v Crystal Run Sand & Gravel, 168 AD2d 783, 784 [1990]). "Trust claims against an owner include 'claims of contractors, subcontractors . . . and materialmen arising out of the improvement, for which the owner is obligated' " (Matter of ABJEN Props. v Crystal Run Sand & Gravel, 168 AD2d at 784, quoting Lien Law § 71 [3] [a]). Pursuant to Lien Law § 76 (1), a trust beneficiary such as petitioner (see Lien Law § 71 [4]) is entitled, at its option, "not oftener than once in each month, (a) to examine the books or records of the trustee with respect to the trust, . . . or (b) . . . to receive a verified statement setting forth the entries with respect to the trust." Pursuant to Lien Law § 75 (3), the trustee's

books or records shall contain entries regarding trust assets receivable, trust accounts payable, trust funds received, trust payments made with trust assets, and transfers in repayment of or to secure advances made pursuant to a "Notice of Lending," together with specific information underlying each trust transaction (*see* Lien Law § 75 [3] [A], [B], [C], [D], [E]). If the trustee fails to comply with the beneficiary's request to examine the trustee's books or records or for a verified statement, "the beneficiary may apply to [the] court for an order directing that the trustee comply with the request" (Lien Law § 76 [5]).

Initially, we are unpersuaded by respondent's argument that this appeal is moot. Specifically, respondent argues that any deficiencies in the verified statement provided to petitioner should be deemed moot because petitioner later demanded, and was provided with, an opportunity to examine the trustee's books or records. It is well settled that the " 'power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal' " (*Matter of Anonymous v New York City Health & Hosps. Corp.*, 70 NY2d 972, 974 [1988], quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]; *see Matter of King v Jackson*, 52 AD3d 974, 975 [2008]). Significantly, the Lien Law affords a trust beneficiary the option, on a monthly basis, to demand to examine the trustee's books or records *or* demand a verified statement. Because the right of examination or to receive a verified statement is a continuing one over the life of the trust, noncompliance with one such demand is not cured by compliance with a later one. Thus, petitioner's claims that the verified statement that respondent provided was deficient were not rendered moot when petitioner later demanded, and was permitted, to examine the books and records of the trustee.[1] As such, respondent's motion to dismiss the appeal is denied.

We next address petitioner's argument that the verified statement does not comply with the requirements of the Lien Law. In its determination, Supreme Court, in finding that respondent's verified statement was adequate, relied on the fact that the underlying contractual dispute between the parties had

---

1. In any event, a certified public accountant (hereinafter CPA) retained on petitioner's behalf stated that, in conjunction with his inspection, he was not provided with full access to the trustee's books or records. The CPA explained that a computer list generated by respondent purportedly detailing trust transactions was incomplete, and that he was not permitted to inspect, among other documents related to trust transactions, bank statements and certain supporting invoices for disbursements made, including those thought by the CPA to be unrelated to project costs.

been referred by them to arbitration. However, Lien Law article 3-A remedies are not exclusive and a "lienor may pursue both its trust fund remedies under Lien Law article 3-A and its ordinary remedies in enforcing the lien" (*Matter of New Rochelle Contr. Corp. v American Steel Erectors*, 304 AD2d 581, 582 [2003]; *see International Assn. of Heat & Frost Insulators & Asbestos Workers Local No. 26 Welfare Fund, Pension Fund & Annuity Fund v Hebert Indus. Insulation*, 234 AD2d 930 [1996]; *Matter of A. D. Walker & Co. v Shelter Programs Co.*, 84 AD2d 536 [1981], *appeal dismissed* 56 NY2d 648 [1982]). Furthermore, a trust beneficiary, such as petitioner, is entitled to a verified statement setting forth trust entries regardless of whether a mechanic's lien has been bonded (*see Matter of Merv Blank, Inc. v Dwyer*, 50 AD2d 563, 564 [1975]; *Matter of Radory Constr. Corp. v Arronbee Constr. Corp.*, 24 AD2d 573, 573 [1965]; *compare Pronti v Belletti*, 37 AD3d 966, 967 [2007]).[2] Thus, referral of the main claim to arbitration did not alter respondent's obligation to provide a verified statement fully compliant with the Lien Law.

Here, in reviewing the substance of respondent's verified statement, we find that it is insufficient with respect to four out of the five categories of entries that "shall" comprise respondent's books or records (Lien Law 75 [3]). With respect to trust assets receivable (*see* Lien Law § 75 [3] [A]), respondent simply claims that "no funds are receivable without condition" and fails to set forth conditions upon which certain trust assets would become receivable (*see* Lien Law § 75 [3] [A] [1]). Respondent also fails to set forth the particulars regarding a certain "Line of Credit Agreement" and payments made pursuant thereto (*see* Lien Law § 75 [3] [A] [2]). We likewise find that, with respect to trust funds received (*see* Lien Law § 75 [3] [C]), respondent failed to set forth the particulars regarding funds received through the sale of certain condominium units which, according to petitioner's certified public accountant, totaled more than $10,000,000. We further find that the response regarding trust payments made with trust assets (*see* Lien Law § 75 [3] [D]) fails to clearly identify the purpose of such payments and whether such payments are for "labor, materials, taxes, insurance, performance under contract or subcontract, interest charges on mortgages, or other particular trust claim or item of cost of improvement" (Lien Law § 75 [3] [D] [4]), and fails to clearly set forth the particulars regarding the contracts

2. In January 2010, respondent filed a bond in the amount of $2,303,459.43, representing an amount equal to 110% of petitioner's mechanic's lien filed in August 2009.

for such work (*see* Lien Law § 75 [3] [D] [5]). Finally, respondent failed to supply any information regarding transfers pursuant to a "Notice of Lending" (Lien Law § 75 [3] [E]). Accordingly, respondent's verified statement fails to comply with the requirements of the Lien Law.

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is reversed, on the law, without costs, petition granted and respondent is directed to comply with Lien Law §§ 75 and 76 and furnish petitioner with a verified statement.

