Teves v Greenspun (2018 NY Slip Op 01377)





Teves v Greenspun


2018 NY Slip Op 01377


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

525574

[*1]MICHELLE A. TEVES, Respondent,
v
NATHANIEL GREENSPUN et al., Appellants.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of counsel), for appellants.
Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Rumsey, J.), entered December 2, 2016 in Tompkins County, which, among other things, granted plaintiff's cross motion for partial summary judgment.
In January 2014, plaintiff entered into a contract with defendant Green Heron Construction, LLC, a residential construction company of which defendant Nathaniel Greenspun is the sole member and financial manager, to perform certain home renovations on her residence located in the City of Ithaca, Tompkins County. Green Heron commenced work on the project and plaintiff thereafter made several installment payments toward the
contract price [FN1]. In September 2014, plaintiff expressed concern over the cost of the renovations that had been performed to date and, in turn, requested that Green Heron provide her with copies of the invoices and receipts with respect thereto. Green Heron provided plaintiff with certain documentation pertaining to the renovations performed; however, work on the project otherwise came to a halt.
Plaintiff thereafter commenced this action against defendants alleging, among other things, that they failed to deposit and hold in trust $43,333.22 that was advanced on the home construction contract and diverted a portion of these trust funds for expenditures that were [*2]unrelated to the project, in contravention of the Lien Law. Following joinder of issue, defendants moved for summary judgment dismissing the complaint against Greenspun individually. Plaintiff opposed the motion and cross-moved for partial summary judgment. Supreme Court denied defendants' motion and granted plaintiff's cross motion, determining, among other things, that, to the extent that Green Heron failed to keep proper books and records with regard to the subject trust funds, as required by Lien Law § 75, plaintiff is entitled to application of the statutory presumption that Green Heron applied or consented to the application of the subject trust funds for purposes other than are allowable under the Lien Law (see Lien Law §§ 71, 75 [4]). Defendants now appeal.[FN2]
Pursuant to Lien Law article 3-a, payments received by a contractor from an owner for a home improvement contract prior to the substantial completion of work pursuant to said contract must be deposited into a trust account (see Lien Law § 71-a [4]; Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 130 AD3d 1409, 1410-1411 [2015]). The contractor, as trustee of these funds (see Lien Law § 70 [2]), is "required to, among other things, maintain books or records with respect to each trust, detailing the trust assets receivable, trust accounts payable, trust funds received, trust payments made with trust assets and transfers in repayment of or to secure advances made pursuant to a notice of lending" (Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 130 AD3d at 1411; see Lien Law §§ 75 [2], [3] [A]-[E]; Matter of Bette & Cring, LLC v Brandle Meadows, LLC, 81 AD3d 1152, 1153-1154 [2011]). The failure of a trustee to maintain these statutorily required books and records "shall be presumptive evidence that the trustee has applied or consented to the application of trust funds . . . for purposes other than a purpose of the trust" (Lien Law § 75 [4]; see Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 130 AD3d at 1411).
Defendants contend that Supreme Court erred in determining that plaintiff is entitled to application of the statutory presumption that Green Heron used trust funds for nontrust purposes. We disagree. In support of her cross motion, plaintiff proffered, among other things, a notice to take deposition that specifically directed Greenspun to produce at his deposition the file that he and/or Green Heron maintained with respect to the renovation project, including copies of all invoices for materials, time records for labor and all defendants' relevant bank statements for the period covering January 22, 2014 to January 15, 2015. Plaintiff also offered certain relevant portions of Greenspun's deposition testimony. With respect to material purchases, Greenspun testified that he did not maintain a specific purchase log and, instead, would label each receipt and keep it in a corresponding project file. The receipts that Greenspun produced at his deposition, however, were not labeled in such a manner. Greenspun also testified that he kept all relevant time records in the same project folder, but he failed to produce this folder at his deposition as directed. Additionally, although plaintiff submitted copies of the three installment checks that she tendered to Green Heron, Greenspun only produced a single bank statement from his checking account to verify same. The provided statement, however, does not indicate whether the first two installment checks were ever deposited into this account, nor was evidence provided demonstrating that these funds were otherwise held in trust or accounted for. Further, the record reveals that, shortly after plaintiff issued the third installment check of $10,833.22, [*3]only $9,633.22 was subsequently deposited into Green Heron's account. The provided statement does not reflect any subsequent $1,200 deposit, nor did defendants otherwise account for or provide an explanation for the $1,200 shortfall. Additionally, despite the fact that plaintiff's cross motion dealt solely with issues pertaining to defendants' record keeping, defendants failed to provide any additional records or documentation with respect to the subject renovation project in opposition thereto. Accordingly, based on the foregoing, we find that plaintiff proffered sufficient evidence establishing her prima facie entitlement to application of the subject presumption (see Lien Law § 75 [4]).
The burden having shifted to defendants to submit evidence establishing the existence of a triable issue of fact as to the applicability of the subject presumption, defendants offered only the affidavit of Greenspun. Greenspun's contention that he was unaware that he was supposed to produce the project file with respect to plaintiff's renovation project at his deposition is belied by the record. Further, his conclusory assertion that he maintained a project file wherein he kept the requisite books and records is, standing alone, "insufficient to avoid the statutory presumption" (Medco Plumbing, Inc. v Sparrow Constr. Corp., 22 AD3d 647, 648 [2005]). Accordingly, defendants failed to rebut the statutory presumption that they applied or consented to the application of trust funds for nontrust purposes and, therefore, Supreme Court appropriately granted plaintiff's cross motion for partial summary judgment, determining that plaintiff is entitled to the application of the subject presumption. This presumption, however, remains a rebuttable one (see Lien Law § 75 [4]) and defendants may — being mindful of their discovery obligations — present evidence at trial in an attempt to establish that they did not improperly divert trust assets.
Garry, P.J., McCarthy, Lynch and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: It does not appear that a formal written contract was entered into between the parties with regard to the subject renovation project.

Footnote 2: Inasmuch as defendants did not address in their brief Supreme Court's denial of their motion for summary judgment dismissing the complaint against Greenspun individually, we deem any challenge with respect thereto to have been abandoned (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]).