Flintlock Constr. Servs., LLC v HPH Servs., Inc. (2024 NY Slip Op 04282)

Flintlock Constr. Servs., LLC v HPH Servs., Inc.

2024 NY Slip Op 04282

Decided on August 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 22, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 653920/12 Appeal No. 2480-2481 Case No. 2023-00591, 2023-01976 

[*1]Flintlock Construction Services, LLC, etc., Plaintiff-Respondent-Appellant,
v
HPH Services, Inc., et al., Defendants-Appellants-Respondents, Morris Miller et al., Defendants.

Brach Eichler LLC, New York (Anthony M. Rainone of counsel), for appellants-respondents.
Hollander Law Group PLLC, Great Neck (Larry B. Hollander and Thanbir Ahmed of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered on December 21, 2022, awarding plaintiff $451,326.00 with statutory interest pursuant to Lien Law § 77(3)(a)(i) from October 13, 2012 until the date of entry, plus costs, for a total award of $647,085.29, for diversion of trust assets under Lien Law Article 3-A, and denying plaintiff's demand for an award of punitive damages, unanimously affirmed, without costs. Appeal from the bench trial order, same court and Justice, entered on or about December 2, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiff's demand for punitive damages, unanimously dismissed, without costs, as subsumed in the cross-appeal from the judgment.
As previously found in the decision on the motion to dismiss (Marcy S. Friedman, J., entered November 25, 2014), plaintiff has standing to assert the diversion of trust assets claim here based on its status as subrogee of defendants' suppliers (see Wallkill Med. Dev., LLC v Sweet Constructors, LLC, 83 AD3d 695, 695-696 [2d Dept 2011]; J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444, 447 [2d Dept 2005]). In any event, plaintiff's subrogee status was established here by the trial evidence showing that plaintiff, a general contractor, made involuntary payments to defendant subcontractor's unpaid suppliers and vendors.
An award in favor of plaintiff is supported by the trial evidence. We find no basis for disturbing the court's credibility determinations as to the witness testimony. Given its determination that defendant Haddad's trial testimony lacked credibility as a result of inconsistencies with prior statements, the court correctly found that the otherwise applicable Lien Law § 75 (4) presumption as to the diversion of funds was not rebutted by Haddad's explanation for the missing books and records (see Medco Plumbing, Inc. v Sparrow Constr. Corp., 22 AD3d 647, 648 [2d Dept 2005]). The court properly admitted the key documentary evidence that supports the award to plaintiff, including the invoices of defendants' suppliers and vendors that defendants provided to plaintiff.
Moreover, the court, crediting testimony of plaintiff's managing member, found that plaintiff's payment to defendants in connection with "Requisition 8" included a $111,992.01 payment to defendants' supplier, Dolphin Equipment Corporation. We find that this conclusion was supported by a fair interpretation of the evidence and rests largely upon the court's determinations of witnesses' credibility; thus, it should not be disturbed on appeal (see Mestel & Co. v Smythe Masterson & Judd, 215 AD2d 329, 329 [1st Dept 1995], citing Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
The court also properly found defendant Haddad personally liable on the diversion claim based on the evidence that supports the conclusion that he knowingly participated in the diversion (see Ippolito v TJC Dev., LLC, 83 AD3d 57, 59, 70-71 [2d Dept 2011]; Edgewater [*2]Constr. Co. v 81 & 3 of Watertown, 1 AD3d 1054, 1057 [4th Dept 2003]). Haddad admitted that he was the only person with authority to issue checks and wire transfers to suppliers. The trial evidence showed a $350,000 payment to a settlement escrow account that was transferred to Haddad's spouse's law firm and then released back to one of Haddad's companies. This diversion of trust assets makes any purported lack of knowledge implausible.
While punitive damages are available for Lien Law Article 3-A trust diversion claims (see M.A. Angeliades, Inc. v Hill Intl., Inc., 150 AD3d 607, 608 [1st Dept 2017]), we decline to adopt a rule that would make such damages recoverable whenever there is a violation of Lien Law article 3-A that involves a diversion of trust assets (see Sabol & Rice v Poughkeepsie Galleria Co., 175 AD2d 555, 556-557 [3d Dept 1991]). Moreover, we find that plaintiff has not shown that an award of punitive damages is warranted under the circumstances presented.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 22, 2024