■ DOVIN CONSTRUCTION, INC., on Behalf of Itself and Other Persons Similarly Situated as Trust Fund Beneficiaries of Lien Law Trusts of which C. Raimondo & Sons Construction Co., Inc., is a Trustee, Appellant, v C. RAIMONDO & SONS CONSTRUCTION CO., INC., et al., Defendants, and CHARLES FERRARA, as Executor of CHARLES RAIMONDO, Deceased, Respondent. [814 NYS2d 613]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 7, 2005, which, in an action by a subcontractor for breach of contract and to enforce a trust under the

Lien Law, granted the motion of defendant chief executive officer (since deceased) of the general contractor to dismiss the complaint based on a New Jersey forum selection clause in the subcontract, unanimously affirmed, with costs.

Since the subcontractor seeks relief against both the corporate general contractor and its chief executive officer in his individual capacity (*see Edgewater Constr. Co. v 81 & 3 of Watertown,* 1 AD3d 1054, 1057 [2003] [corporate officers may be personally liable for Lien Law trust funds]), the officer, although not a party to the subcontract containing the New Jersey forum selection clause, has standing to invoke the clause, where the liability of both the corporation and the officer are based on the same alleged acts, and it would be impractical to grant dismissal as against the corporation and not the officer. We also reject the subcontractor's argument that the governing forum selection clause is not that in the subcontract designating New Jersey but that in the main contract designating New York. The argument is based on a clause in the main contract that, insofar as pertinent, required the general contractor "to bind every Subcontractor to the terms of the [main] Contract Documents to the extent the same are applicable to the Work to be performed by such Subcontractor." We read this clause as applicable only to the work to be performed, not procedural matters such as forum selection. Subcontractor's other arguments, several of which are based on facts dehors the record and improperly raised for the first time on appeal (*see Martin v Manhattan & Bronx Surface Tr. Operating Auth.,* 198 AD2d 160 [1993]), are unavailing. Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.