Shivers v City Smiles Dental (2023 NY Slip Op 01768)

Shivers v City Smiles Dental

2023 NY Slip Op 01768

Decided on April 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2023

Before: Kern, J.P., Oing, Kennedy, Higgitt, JJ. 

Index No. 24351/18E Appeal No. 17584 Case No. 2022-00501 

[*1]Dolores Shivers et al., Respondents,
v
City Smiles Dental et al., Appellants, Riverbay Corporation et al., Respondents.

Malapero Prisco & Klauber LLP, New York (Tracy Frankel of counsel), for appellants-respondents.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for respondents-appellants.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondents-respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 5, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Riverbay Corporation and Co-Op City Department of Public Safety (collectively, Riverbay) for summary judgment dismissing the cause of action under 42 USC § 1983, the causes of action alleging illegal detention, and the cross claim seeking common-law indemnity, and denied the motion of defendants City Smiles Dental, Sandra Tenzer, DDS, and Sandra Tenzer, DDS doing business as City Smiles Dental (collectively, City Smiles) for summary judgment dismissing the cause of action alleging illegal detention and the cross claims seeking common-law and contractual indemnity, unanimously modified, on the law and the facts, to dismiss the common-law indemnity cross claims interposed by both Riverbay and City Smiles and the contractual indemnity cross claims interposed by Riverbay against City Smiles, and otherwise affirmed, without costs.
The motion court properly denied the aspect of Riverbay's motion for summary judgment dismissing plaintiff Shivers' 42 USC § 1983 cause of action alleging that defendants' actions violated her rights under the United States Constitution. Here, Riverbay failed to establish that its two armed peace officers, who responded to the scene, were not acting under color of state law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Further, there are issues of fact as to whether Shivers was deprived of a constitutional right based on her allegation that she was detained without probable cause.
In addition, the motion court properly denied the defendants' motions for summary judgment dismissing the causes of action alleging illegal detention. The record presents issues of fact as to whether defendants unjustifiably detained Shivers in City Smiles' dental office and whether they had probable cause to do so, as there is conflicting evidence from which reasonable people might draw different inferences about the circumstances (see Veras v Truth Verification Corp., 87 AD2d 381, 384-385 [1st Dept 1982], affd 57 NY2d [1982]; Smith v Clark v Nannery, 292 NY 105, 108 [1944]).
However, Riverbay's cross claims for contractual indemnification should have been dismissed. Supreme Court expressly stated in its order that it was granting the branch of City Smiles' motion that sought to dismiss the contractual cross claims as against it, including the cross claim for contractual indemnity. In doing so, the court observed that Riverbay had failed to submit any exhibits proving its contractual cross claims, and in fact, there was no evidence that a contract between the parties even existed. Thus, the decretal paragraph denying that branch of the motion appears to be an error. Riverbay's inclusion in the record of documents that were not submitted to the motion court is improper, and we have not considered those documents (see 22 NYCRR 1250.7; Dovin Constr., Inc. v C[*2]. Raimondo & Sons Constr. Co., Inc. 29 AD3d 364, 365 [1st Dept 2006]).
Additionally, Riverbay's and City Smiles' cross claims for common-law indemnification should have been dismissed. A claim for common-law indemnification is actionable only where a party has been found to be vicariously liable, without proof of any negligence on its own part (see McCarthy v Turner Constr., Inc., 17 NY3d 369 [2011]). As neither Riverbay nor City Smiles is subject to statutory or other vicarious liability not premised upon actual negligence, the parties' common-law indemnity claims should have been dismissed.
We have considered the parties' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2023